No. 338.

## Evans *v.* The Queen Insurance Company.

PRACTICE.—*Amended Pleading.— Waiver of Exception to Original Pleading.*— A party can not have the benefit of exceptions to an adverse ruling upon a demurrer to a plea, and exercise the privilege of amending the plea at the same time. He is compelled to abide by his exceptions or waive them by amendment.

INSURANCE.—*Fire.—Action Upon Policy.—Occupancy of Building.— Warranty.*—A statement in a policy of fire insurance that the property was occupied by a tenant at the date of the contract amounted to a warranty that it was so occupied at that time, but not that it would continue to be so occupied.

SAME.—*Condition as to Vacancy of Building.—Answer.—Pleading.—Reply.*— Where a policy of fire insurance contained a condition forfeiting the insurance if the building should be or become vacant or unoccupied and so remain for ten days without the consent of the company, and in an action upon the policy an answer was filed setting up the condition against vacancy, and that after the execution of the policy the building became vacant and so remained for ten days without the company's

Evans *v.* The Queen Insurance Company.

consent, and that it was in that condition when the loss occurred, a reply thereto was demurrable which averred that the building was vacant at the time the policy was issued, and that the agent of the company was notified of the vacancy and of the fact that the length of time it would remain vacant was unknown to the insured. There was no charge in the answer of a breach of the warranty respecting the occupancy of the building at the date of the insurance, but the defence was founded solely upon the continuing warranty against vacancy.

SAME.— *Waiver of Condition.— Must be Specially Pleaded.*—An alleged waiver of the condition against vacancy could not be proved under the general denial. The plea of waiver being a plea of confession and avoidance must be specially pleaded.

SAME.—*Special Verdict.—Need Not Contain Policy of Insurance.*—The policy of insurance, with all of its conditions and provisions, being part of the complaint and the basis of plaintiff's right to indemnity, it was not necessary to set the same out in the special verdict. It is not the office of a special verdict to set out the pleadings.

From the Elkhart Circuit Court.

*H. C. Dodge* and *J. S. Dodge,* for appellant.

*W. H. Hanenstein, J. H. Baker* and *F. E. Baker,* for appellee.

CRUMPACKER, J.—Evans sued the insurance company upon a policy of fire insurance issued to him on the 21st day of June, 1888, covering a frame dwelling-house, which was destroyed by fire after the execution of the policy. A copy of the policy was filed with the complaint, and it contains a statement that the building, at the date of its execution, was occupied by a tenant. It also contains a condition forfeiting the insurance in the event the property was, or should become, encumbered without the consent of the company, or if the "building herein described, whether intended for occupation by owner or tenant, be or becomes vacant or unoccupied, and so remains for ten days."

An answer consisting of several paragraphs was filed, setting up, among other defences, that the property became vacant and so remained for more than ten days without the consent of the company, and was in that condition at the time of the loss; also, that the property was encumbered by

mortgage at the time of the execution of the policy, which fact was concealed from the knowledge of the company.

A reply of four paragraphs was filed, the first of which was the general denial, and the others contained affirmative matter. A demurrer was sustained to each special paragraph of reply and exceptions duly reserved, but plaintiff afterwards filed an amended reply of two paragraphs, one of them being the general denial. A demurrer was sustained to the second paragraph of amended reply, and the issues of fact thus formed were tried by a jury. A special verdict was returned, upon which the court awarded judgment in favor of the company.

The only questions presented by the record and discussed by counsel for appellant relate to the action of the trial court in sustaining the demurrer to the second paragraph of the amended reply, and in allowing judgment upon the verdict in favor of the company. Counsel discuss the ruling of the court upon the demurrer to several paragraphs of the original reply, but such questions were taken out of the record by amended reply. A party can not have the benefit of exceptions to an adverse ruling upon a demurrer to a plea, and exercise the privilege of amending the plea at the same time. He is compelled to abide by his exceptions or waive them by amendment. *Murphy* v. *Teter*, 56 Ind. 545; *Kennedy* v. *Anderson*, 98 Ind. 151.

The second and third paragraphs of answer, to which the second paragraph of amended reply was addressed, set up the condition against vacancy, and alleged that after the execution of the policy the building became vacant, and so remained for more than ten days without the company's consent, and it was in that condition when the loss occurred, to wit, January 16th, 1889.

The second paragraph of amended reply averred that the building was vacant at the time the policy was executed, and appellant informed the agent who issued the policy " that said property was vacant and unoccupied, and that the length

of time which it would remain vacant and unoccupied was uncertain and unknown to appellant." There was no charge of fraud or mistake in writing the policy, no averment that the property continued to remain vacant until the loss, which was about nine months thereafter. It has been observed that the policy contained a statement that the property was occupied by a tenant at the date of the contract. This amounted to a warranty that it was so occupied at that time, but not that it would continue to be so occupied. *Germania Fire Ins. Co.* v. *Deckard,* 3 Ind. App. 361.

Another provision of the policy warranted that the building would continue to be occupied, except for a space not longer than ten days at a time, unless the company gave its consent to a longer period of vacancy.

There is no charge in the answer of a breach of the warranty respecting the occupancy of the building at the date of the insurance, but this branch of the defence was founded solely upon the continuing warranty against vacancy. The reply does not confess the breach of the condition pleaded in the answer, but avers that another condition contained in the policy was broken, the breach of which the company waived. This does not respond to the answer nor does it amount to an avoidance of the defence pleaded. It confesses and seeks to avoid the breach of a condition which was not set up as a defence. If the building was not occupied at the date of the policy, but afterwards became occupied, the continuing warranty against vacancy would attach, and the subsequent vacancy of the building in violation of the provisions of the policy would forfeit the insurance unless waived. One condition in a contract may be waived without waiving others. There was no error in sustaining the demurrer.

The special verdict does not set out the policy nor find specially that it contained the conditions pleaded in the answer. It is insisted on behalf of appellant that these were issuable facts, and the silence of the verdict respecting their

existence must be construed as a finding that the policy contained no such conditions. The first paragraph of the verdict states that the company executed to appellant a policy of insurance, a copy of which was set out with the complaint. The policy, with all of its conditions and provisions, was a part of the complaint, and was the basis of appellant's right to indemnity. It constituted part of the issues formed by the pleadings. It is not the office of a special verdict to set out the pleadings; they furnish the standard by which the legal force of the verdict must be estimated, and they are always considered in connection with it.

The pleadings constitute the background against which the facts found by the jury must be viewed. It was not necessary for the verdict to contain the conditions and provisions of the policy. *Cook* v. *McNaughton*, 128 Ind. 410.

The jury found that the building was occupied by a tenant at the time the policy was issued, but thirty-six days before the loss it became vacant and so remained, without the knowledge or consent of the company, until the time of the loss. Paragraph four, of the verdict, contains facts relied upon by appellant to constitute a waiver of the breach of condition against vacancy, and is as follows: "We find that one William H. Hanenstein was the agent of defendant at Elkhart, Indiana, where said policy was issued; that said plaintiff and said Hanenstein did not see each other in reference to said policy, but that the negotiations between the plaintiff and said Hanenstein were carried on by one William M. Barney, who was not an agent of the defendant company, but was the agent of said William H. Hanenstein in said negotiations. The plaintiff supposed and believed that said Barney was the agent of the defendant; but we find that the defendant never knew of the negotiations or agency of said Barney, and we find that the defendant never gave said Hanenstein any authority to employ sub-agents. We also find that when said house became vacant the plaintiff informed said Barney of that fact, and requested permission

Evans *v.* The Queen Insurance Company.

for it to remain vacant, and that said Barney told him that he would see that it was fixed all right on the books, but that said Barney never did speak to said Hanenstein about such vacancy, and neither said Hanenstein nor any other agent of said defendant, except said Barney, ever had any information of such vacancy."

The law is well settled that notice to an agent's clerk or sub-agent will bind the principal. *Indiana Ins. Co.* v. *Hartwell,* 123 Ind. 177.

It is also well settled that notice to an insurance company of the breach of a condition in the contract which, according to its terms, would work a forfeiture, imposes upon the company the duty of manifesting its intention to insist upon the forfeiture in some affirmative manner, otherwise the breach of condition will be deemed to be waived. *Havens* v. *Home Ins. Co.,* 111 Ind. 90; *Home Ins. Co.* v. *Marple,* 1 Ind. App. 411.

But in this case it does not appear that Barney was the agent of Hanenstein at the time of the notice. He was such agent for the purpose of negotiating the insurance, but it does not appear that the agency was continued or that it extended to any other transaction. It is true appellant believed Barney to be the agent of the company when he gave him the notice, but there is nothing to show that either the company or Hanenstein did anything to induce such belief, except in connection with the execution of the policy. It is not necessary to enquire into the question as to whether Barney's agency in the original transaction was sufficient to justify the belief that he was Hanenstein's agent eight months thereafter, because the judgment must be affirmed upon another ground. The point is made by counsel that the question of waiver is not within the issues, and in this view we are inclined to concur. The suit was upon the policy, the answer set up the breach of a condition, and the reply denied. There was no question of waiver made by the pleadings, and it could not be proven except under a special repli-

cation.    We do not share with appellant's counsel the conviction that proof of waiver was admissible under the general denial.    The plea of waiver is clearly a plea of confession and avoidance, admitting the breach and asserting affirmative facts to avoid the consequences.

While under the general denial evidence may be given of any facts inconsistent with the averments in the pleading to which it is addressed, directly tending to negative or destroy them, waiver involves matter *first*, which is consistent with the pleading by confessing it, and *then* new and independent matter in avoidance.    It is a universal rule of pleading that a waiver must be set up specially.    This being true, it follows that the judgment must be upheld because we can consider only such facts in the special verdict as are within the issues created by the pleadings.    *Hasselman* v. *Carroll*, 102 Ind. 153.

The judgment is affirmed.

Filed Sept. 27, 1892.