### FORT WAYNE INSURANCE COMPANY. v. IRWIN.

[No. 2,870.  Filed October 11, 1899.]

PROCESS.—*Service on Insurance Company.—Return.*—The return of
the sheriff to a summons directing service upon a domestic insur-
ance company of a named city, showing that he had served the
summons by handing it to defendant's agent in the county in which
the suit was brought, neither the president nor chief officers of the
company being found in the county, and that the agent examined it,
and advised him to send it to the general agent in another county, is
sufficient within the meaning of §§316, 318, 319 Burns 1894. *pp. 54, 55.*

PLEADING.—*Condition Precedent.—Insurance.*—A complaint in an
action on a fire insurance policy which avers that the plaintiff has
duly and fully performed all of the conditions of the policy on his
part to be performed, sufficiently avers the performance of the con-
ditions precedent contained in the policy, within the meaning of
§373 Burns 1894, which provides, that in pleading the performance
of a condition precedent in a contract it shall be sufficient to allege,
generally, that the party performed all of the conditions on his
part.  *pp. 55, 56.*

INSURANCE.—*Proof of Loss.—Action.*—Where a fire insurance policy
requires that proof of loss shall be made by the insured within a
given time, and the insured makes the proof of loss required, and
no objection is made thereto within the time stipulated, and the
loss is not paid, so far as ascertaining the amount of loss is con-
cerned, a right of action accrues on the policy.  *p. 56.*

Fort Wayne Ins. Co. *v.* Irwin.

PLEADING.—*Suit Brought in Wrong County.*—An objection that the action was brought in the wrong county must be raised by answer, where such fact does not appear on the face of the complaint. *pp. 56-58.*

SAME.—*Plea in Abatement.*—Where it does not appear in the complaint that there was no jurisdiction of the person, an objection on that ground, by plea in abatement, after an appearance and demurrer, comes too late. *p. 58.*

SAME.—*Proof of Loss.—Waiver.*—Where specific objections are made by an insurance company to proofs of loss furnished it by insured, any other objections, which, if made, could have been readily met, are waived. *pp. 58, 59.*

SAME.—*Proof of Loss.—Waiver.*—Where an insurance company is dissatisfied with the proofs of loss furnished, it should make the fact known to the insured without unnecessary delay, and specify its objections so that they may be corrected ; and a failure in this respect amounts to a waiver of further proofs. *pp. 59-61.*

SAME.—*Instructions.—Waiver.—Pleading.*—Where in an action on a fire insurance policy the issue of waiver was not presented by the pleadings, it was error for the court to instruct the jury that plaintiff must either show a performance of the conditions of the contract on his part to be performed, or show that defendant had waived the performance of such conditions. *pp. 61-64.*

From the Montgomery Circuit Court. *Reversed.*

*M. A. Morrison, V. G. Clifford, W. F. Browder* and *W. S. Moffett,* for appellant.

*Palmer & Palmer,* for appellee.

ROBINSON, J.—Appellee recovered a judgment against appellant for a fire loss. The complaint avers that appellant, "The Fort Wayne Insurance Company, of Fort Wayne, Indiana," is a "corporation duly organized under the laws of Indiana, and doing a fire insurance business in said state;" that the company has an office and an agent for the transaction of business residing in Clinton county and upon whom process may be served. The complaint was filed in the Clinton Circuit Court.

The first error assigned questions the overruling of appellant's motion to set aside service of process. The amended return of the sheriff to the summons issued shows: "Served the within summons as commanded on the defendant, The

Fort Wayne Insurance Company, of Fort Wayne, Indiana, on the 26th day of October, 1896, by handing said summons to John C. Morrison, agent of said defendant, residing in Clinton county, Indiana, and that the said Morrison looked at the same and advised the undersigned to send said summons to Messrs. McGilliard & Dark, the general agents of the defendant residing at Indianapolis, Indiana; neither the president nor chief officers of defendant corporation was found in my county." The sheriff was directed to summon "The Fort Wayne Insurance Company, of Fort Wayne, Indiana."

Section 318 Burns 1894, provides that process against either a domestic or foreign corporation may be served on the president, presiding officer, chairman of the board of trustees, or other chief officer, or if its chief officer is not found in the county, then upon its cashier, treasurer, director, secretary, clerk, general or special agent.

Appellant entered a special appearance and moved to set aside the service of summons. The motion to set aside the service was properly overruled. Strictly speaking, perhaps, the summons was not served by reading or by leaving a copy at the usual and last place of residence. But the party served did receive the summons and knew what it contained. He evidently read it, and from the direction given by him he knew the action had been brought, the parties thereto, and the court where pending. §§316, 319 Burns 1894.

The second, third, and tenth errors assigned question the sufficiency of the complaint. The complaint is in the usual form in such cases, and the only objection to it argued is that it fails to aver a performance of the conditions precedent contained in the policy, or show a waiver. The complaint avers that "the plaintiff has duly and fully performed all the conditions of said policy on her part to be performed." The statute, §373 Burns 1894, provides that in pleading the performance of a condition precedent in a contract it shall be sufficient to allege, generally, that the party performed all the conditions on his part. It has been held that this section

applies to insurance policies the same as to other contracts. *Louisville, etc., Co.* v. *Darland,* 123 Ind. 544, 7 L. R. A. 399. The policy is made a part of the complaint. It contains certain provisions as to how the value of the property at the time of a loss shall be ascertained or estimated. The policy also requires that proof of loss shall be made by the insured within a given time. The complaint shows this was done. We think a proper construction of the policy is that the owner shall make proof of his loss within a given time, and if that proof is not satisfactory to the company it may take steps to have the loss ascertained by appraisers. If the insured makes the proof of loss required and no objection is made to such proof within the sixty days stipulated in the policy, or the policy is not paid, so far as ascertaining the amount of loss is concerned, a right of action accrues. We do not think the complaint open to the objection urged.

Sustaining appellee's demurrer to the second and additional paragraph of answer in abatement is appellant's fourth assignment of error. Appellant filed a verified second paragraph of answer in abatement, alleging in substance that appellant is a corporation created by act of the General Assembly of the State of Indiana, with its home office at Ft. Wayne, Indiana, and that it is and has been for more than four years a resident of Allen county, Indiana; that appellant's general agent is a resident of Marion county, Indiana, and has been since its incorporation, and has never had a residence elsewhere, and that such general agent has its office at Indianapolis, in Marion county; that neither appellant nor such general agent is or ever has been a resident of Clinton county, Indiana, and that no officer of appellant or of such general agent is or ever has been a resident of Clinton county; that when the policy in suit was executed appellant had an agent in Carroll county, Indiana, who resided and maintained his office there, and that such agent at no time resided or had an office in Clinton county; that all negotiations relating to the issuance of the policy sued on were had by and

through such agent and such agency in Carroll county, and that no agent of appellant residing in Clinton county had anything to do with issuing the policy, that appellee's cause of action is not connected with and does not grow out of the business of any office or agency of appellant in Clinton county; wherefore, it is asked, that the action abate. This answer is good in abatement and the demurrer should have been overruled, unless, as argued by appellee, the question was waived by appellant taking other steps in defense of the action before pleading to the jurisdiction. The transcript shows that appellant first demurred to the complaint for want of facts, which was overruled. Some days afterward appellant asked and secured an order requiring appellee to submit herself to an examination touching matters averred in her complaint. Afterwards appellant filed a plea in abatement alleging facts going to show the suit was prematurely brought. A demurrer was sustained to this, and an amended answer filed. Before the court ruled on the demurrer to this amended answer, appellant filed its additional paragraph of answer in abatement which is above set out. The court then overruled the demurrer to the amended answer in abatement, and sustained the demurrer to the additional answer in abatement.

It does not appear on the face of the complaint that the action was brought in the wrong county, and in such case the objection must be raised by answer. *Eel River R. Co.* v. *State*, 143 Ind. 231; *Globe, etc., Ins. Co.* v. *Reid*, 19 Ind. App. 203. The complaint discloses that the subject-matter of the action is within the ordinary jurisdiction of the circuit court. The statute provides that the objection that the action was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived. §346 Burns 1894. In *Indiana, etc., R. Co.* v. *Scearce*, 23 Ind. 223, it was held that when a demurrer was sustained, judgment, appeal, reversal, and the cause certified back, it was too late to plead in abatement going only to the jurisdiction

of the court over the person of the defendant. In *Bauer* v. *Sampson Lodge*, 102 Ind. 262, it is held that a demurrer does not cut off the right to plead in abatement, contesting the plaintiff's right to maintain the action. But this rule does not apply where the plea questions jurisdiction of the person. In such cases it is held that a plea questioning jurisdiction over the person will not be entertained after demurrer to the complaint. *Slauter* v. *Hollowell*, 90 Ind. 286; *Singleton* v. *O'Blenis*, 125 Ind. 151.

In the case at bar as it does not appear in the complaint that there was no jurisdiction of the person, an objection on that ground, by plea in abatement, after an appearance and demurrer, came too late.

The fifth assignment of error is overruling the demurrer to appellee's reply to appellant's amended answer in abatement, and the sixth, overruling the motion for a new trial on the issues joined on the amended answer in abatement. These may be considered together. The amended answer in abatement alleged in substance that the first proofs of loss did not comply with the policy, that demand was made for additional proofs, that additional proofs were furnished in response to such demand and that suit was brought within sixty days after the additional proofs were furnished.

The reply alleges that on August 20th proofs of loss were furnished which were verified by appellee's husband who was at the time of the fire and many years previous her agent in charge of the stock of goods, and had knowledge of the same, that he verified the proofs for her and in her behalf; that on October 2nd appellant addressed to her a letter, which she received October 3rd demanding "Proofs according to the contract," and on October 5th she furnished appellant a written instrument as additional proof which was verified by her, but she alleges that the proofs August 20th complied with the provisions of the policy, which are specified; that such proofs were satisfactory to appellant who made no objection thereto until forty-three days thereafter, and after sixty days from the time of the fire had expired,

the time within which, by the terms of the policy, the proofs had to be made, which appellee did; that the loss occurred July 17th. Trial was had on the issues formed on this plea.

The policy provides that in case of fire the insured shall give the company immediate notice in writing, and within sixty days after the fire, unless such time is extended in writing by the company, the insured shall render a statement to the company verified by the insured stating certain specified facts. The affidavit of the husband attached to the proofs of loss states that the policy was originally issued to him, and with the consent of the company was assigned to appellee; that at the time of the fire he was her agent, and had control of the stock of goods, and that as her agent, and on her behalf, he made the affidavit. The evidence shows that these proofs were received by the company, and that afterwards, on October 2nd, a letter, signed by the company, its general agents and its adjuster, was received by the insured, taking exceptions to the proof furnished, and demanding a statement and invoice of stock covering original purchase by the husband, which was purchased with the means furnished by appellee, also duplicate bills of purchase since original purchase by husband with appellee's means and afterwards transferred into appellee's name; and that appellee had furnished no proofs of loss according to the conditions of the contract as expressed in the policy and demanded and awaited the completion of the papers as per the contract. This letter could not be construed as making any objections to the proof furnished because verified by the agent of the insured. In response to the company's letter, on October 5th, appellee made an affidavit that she was the holder of the policy, which was assigned to her by her husband; that at the time of the fire, and prior thereto, her husband as her agent had charge of the stock, had knowledge of it and was acquainted with it, while her own knowledge was imperfect and limited; that her husband made the proofs under her authority and by her direction, and that they were correct as she believed.

It appears that the proofs first furnished were received and retained by appellant, and thus treated as satisfactory, until the expiration of the time allowed by the policy for furnishing proofs. The act of appellee in making the affidavit did not affect the original proofs of loss in any way. The only effect her affidavit could have was to supply the defect, if defect it was, growing out of her failure to make the original affidavit, and as no objection was made on that ground, that was waived. Thus it is said: "It is to be observed, that it is the duty of the insurers, pending the consideration of the proofs of loss, to bear themselves with all good faith towards the claimant, and if they are dissatisfied with the proof furnished, and have, or have not, the right to demand further proof before their liability becomes fixed, they ought to make known to the assured the fact and the nature of these demands without unnecessary delay. Otherwise they will be held to have waived their rights in this regard." *Aetna Ins. Co.* v. *Shryer*, 85 Ind. 362; *Byrne* v. *Rising Sun Ins. Co.*, 20 Ind. 103. In May on Insurance, §468, it is said: "If the insurers intend to insist upon defects in the preliminary proof, they should indicate their intention in such a way that the insured may not be deceived into a false security, and at such time that he shall have opportunity to supply the defects."

Counsel for appellant cite the cases of *Kimball* v. *Hamilton, etc., Ins. Co.*, 8 Bosworth (N. Y.), 495, and *German American Ins. Co.* v. *Hocking*, 115 Pa. St. 398, 8 Atl. 586. In the first of these cases there was evidence that the insured was told, when he handed in his proofs, that they were worthless; and the case holds that when the company tells the insured that his papers are no proofs and refers him to the policy, it is not bound to go further and specify the defects. In the Pennsylvania case the loss was payable sixty days after proofs; the next day after the loss the company received notice of a total loss; proofs of loss were not made until March 28th, and it was held that suit brought April 17th was premature.

In the case at bar the proofs complied substantially with the requirements of the policy except the verification, and no objection was made in that regard. We think the rule is established in this jurisdiction that when objections are made, any other objection, which if made could have been readily met, is waived. *Cleveland, etc., R. Co. v. Heath*, 22 Ind. App. 47, and cases cited. In a case like that at bar if the company is dissatisfied with the proofs furnished, it should make that fact known to the insured without unnecessary delay and specify its objections so that they may be corrected in due time. A failure in this respect is a waiver of further proofs.

Overruling appellant's motion for a new trial of the issues joined on the merits is discussed under the seventh, eighth, and ninth assignments of error. Appellant answered in fourteen paragraphs. First, general denial. The second, third, fourth, and fourteenth went out on demurrer. The fifth paragraph pleaded a violation of the policy by keeping kerosene in stock in excess of five barrels without appellant's knowledge or consent. The sixth paragraph alleged that at the time of the loss appellee kept in the building certain prohibited articles, benzole, benzine, dynamite, and others named, without appellant's knowledge or consent. The seventh paragraph pleads an increase in the risk by certain negligent conduct in permitting pipes used to convey gas into the building for lighting purposes to become defective from which gas escaped and through negligence of appellee's agent set fire to the building. The eighth paragraph defends on the ground that appellee generated in the building illuminating gas for use therein contrary to the terms of the policy. The ninth paragraph pleads an avoidance of the policy by appellee using the building for manufacturing purposes and operating the same later than a named hour. The tenth paragraph alleges that in the pretended proofs of loss furnished by appellee she represented the stock of goods to be worth largely in excess of their value; that the itemized

statements in the proofs of loss were false and fraudulent, and were made by appellee's agent for the fraudulent purpose of inducing appellant to pay for the loss of goods not in stock; that such false itemized statement was verified by appellee's agent, and that by reason of such false swearing the policy was avoided. The eleventh paragraph pleaded as partial answer that at the time of the fire there was concurrent insurance in another company on the same property for the same period, terms and amounts, and if appellant is liable its liability is limited to one-half the loss. The twelfth and thirteenth paragraphs were addressed to a part of the complaint which was withdrawn by appellee.

Appellee replied in general denial to each affirmative paragraph of answer, except the eleventh. The reply to the eleventh paragraph admits the concurrent insurance and alleges her loss was in excess of the amount of insurance named in both policies.

The sixth paragraph of answer alleged an avoidance of the policy by appellee in having in stock at the time of the loss certain articles, among them, benzine, prohibited by the policy. The evidence shows that the stock of goods was entirely destroyed. The proofs of loss consisted of an inventory taken July 20-23, 1895, prior to the execution of the policy in October following, and also of purchases down to the time of the fire. The evidence showed that sales had been made from the stock during that time. The inventory shows a small quantity of benzine. If it was there when the policy was issued it was part of the stock. There is no direct evidence that the stock contained any benzine when burned. The witness who made the proofs testified he used the old inventories. The burden was on appellant to show that the stock contained benzine when burned. From all the evidence the jury might conclude that appellant had failed to establish this fact. True, appellee, through her agent, made affidavit that the goods named in the inventory were destroyed, and it is argued that as the

evidence shows that some of the goods were not in the stock as sworn to and were known not to be there when the proofs were executed, the policy was avoided by misrepresentation of facts and false swearing, as alleged in the tenth paragraph of answer. Such statements would defeat a recovery if made for the purpose of deceiving the company, but whether they were so made and were such as were calculated to deceive the company was a question of fact. There is some evidence that appellant, before proofs were made, had access to the inventories, books, and papers of appellee and had examined them and had taken an abstract of them. The insured in such cases, in complying with conditions precedent, is required to use an honest effort and give as full and complete an inventory of the property as the nature of the case will admit. The question was submitted to a jury by a proper instruction.

The jury were told in an instruction that appellee was not permitted to keep certain named articles unless they found from the evidence that some one or more were kept in very small quantities as part of the drug line insured and they were in and formed a part of the property included in the policy, and were simply kept as medicines and in so small a quantity that no risk was run, in that case the policy would not be forfeited, otherwise it would. We fail to find any evidence upon which to base one clause of this instruction, but we can not say that such error should reverse the case.

In the second instruction given the jury they were told that before appellee could recover she must show by a preponderance of the evidence that she had performed all the conditions in the contract to be performed by her unless it was shown that appellant had waived some condition, and in that case appellee would not be required either to perform such condition, or to prove that she had performed such condition waived by appellant. Other instructions given contain statements on the question of waiver of conditions precedent. It is argued that these instructions are erroneous

because appellee stood upon averments of performance only, and had nowhere averred waiver.

The complaint contains the averment that appellee had performed all the conditions of the policy on her part to be performed. It does not attempt to plead a waiver by appellant of any conditions precedent. It averred performance only. The issue of a waiver of any condition precedent was not presented by any pleading. To each of the special answers appellee replied in denial, except the eleventh and it was not attempted to avoid that answer by any plea of waiver. No attempt was made to avoid any of the affirmative answers by a plea of waiver. It has been held that the general denial does not tender an issue of waiver. *Continental Ins. Co.* v. *Vanlue*, 126 Ind. 410, 10 L. R. A. 843; *Evans* v. *Queen Ins. Co.*, 5 Ind. App. 198. As the issue of waiver was not presented by the pleadings, it was error for the court to instruct the jury that appellee must either show a performance of the conditions of the contract on her part to be performed, or show that appellant had waived the performance of such conditions. As we have seen upon the trial of the issues presented by the plea in abatement, the question of waiver was presented by the pleadings, but at the trial upon the merits no such issue was pleaded. The motion for a new trial should have been sustained.

Judgment reversed.