## GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN *v.* HALL.

[No. 4,430.     Filed May 14, 1903.]

BENEFICIAL ASSOCIATIONS.—*Action on Certificate.*—*Complaint.*—To entitle the beneficiary to recover the amount designated by the certificate in a beneficial association, it is essential that the complaint show, by express averment, full performance of all the conditions imposed by the contract of insurance and laws of the order, or facts by which such conditions have been waived. *p. 108.*

SAME.—*Action by Beneficiary.*—*Complaint.*—In an action on a certificate of insurance in a beneficial association, an allegation in the complaint that the deceased was at the time of his death a member of the order, and entitled to all the rights and privileges of such member, does not supply the necessary averment of performance of all conditions; since it is only the statement of a conclusion. *p. 109.*

SAME.—*Performance of Conditions by Member.*—*Question of Law.*—Whether a deceased member of a benefit society was at the time of his death entitled to all the rights and privileges of the society is, in an action on a benefit certificate, a question of law for the court to determine from the facts that exist and are pleaded. *p. 109.*

From Perry Circuit Court; *E. M. Swan*, Judge.

Action by Sue R. Hall against the Grand Lodge Ancient Order of United Workmen. From a judgment for plaintiff, defendant appeals. *Reversed.*

*C. L. Wedding*, for appellant.
*C. A. Weathers* and *W. M. Waldschmidt*, for appellee.

WILEY, J.—Appellee sued appellant upon a certificate of insurance, and cast her complaint in six paragraphs. To each of these paragraphs a demurrer was overruled, and such ruling presents the only question discussed by counsel.

The first paragraph avers that on September 23, 1899, one William H. Hall, who was then appellee's husband, joined a local lodge of appellant order at Rome, Indiana; that thereupon there was issued to him a beneficiary certificate, by the terms of which appellant was to pay appellee, as the beneficiary therein named, upon the death of the insured, $1,000; that on November 5, 1900, said insured died, while a member of said lodge; that appellee, as such beneficiary, submitted proof of the death of said insured, and demanded the amount due; that on the 25th day of April, 1901, appellant's board of arbitration failed to allow the claim, and that appellee has not received the money. This paragraph also avers that at the time of the death of the insured he was entitled to all the rights and privileges of a member of appellant order.

Objection is urged to this paragraph of complaint because it fails to aver a compliance with all the conditions imposed upon the insured and the beneficiary by the contract of insurance. The certificate issued to the insured contains this clause: "This certificate is issued subject and to be construed and controlled by the laws of the order." The constitution and by-laws of the order are made parts of the complaint by an exhibit, as they are parts of the certificate by express reference thereto. To entitle the beneficiary to recover the amount designated by the certificate, it is essential that she should show, by express averment, full performance of all the conditions imposed by the contract of insurance and the laws of the order, or facts by which such conditions have been waived. There must be in such case either a detailed allegation of performance of every condition, or a general allegation of the performance of all conditions. *Supreme Council, etc., v. Forsinger*, 125 Ind. 52, 9 L. R. A. 501, 21 Am. St. 196; *Commercial Union Assur. Co. v. State, ex rel.*, 113 Ind. 331; *American Cent. Ins. Co. v. Sweetser*, 116 Ind. 370; *National Benefit Assn. v. Bowman*, 110 Ind. 355; Bacon,

Benefit Soc. (2d ed.), 918; May, Insurance (4th ed.), 1373; *Home Ins. Co.* v. *Duke,* 43 Ind. 418.

The rule declared by the authorities is in harmony with §373 Burns 1901, which provides that, in pleading a condition precedent in a contract, it shall be sufficient to allege generally that the party performed all the conditions on his part. See, also, *Ft. Wayne Ins. Co.* v. *Irwin,* 23 Ind. App. 53; *Indiana Ins. Co.* v. *Pringle,* 21 Ind. App. 559.

In May, Insurance, *supra,* it is said: "As in cases of insurance the money is only recoverable on the performance of certain acts by the insured and the existence of certain facts, the performance of these acts and the existence of these facts must be alleged." See 3 Works' Prac. (3d ed.), 178; Thornton's Prac. (2d ed.), 1045. No facts are pleaded showing a waiver of performance of conditions precedent.

The paragraph of complaint under consideration avers that the deceased was at the time of his death a member of the order, and entitled to all the rights and privileges of such member. This averment does not aid the complaint, or supply the necessary averment of performance of all conditions, for it is only the statement of a conclusion. It is a question of law, from the facts that exist and are pleaded, for the court to determine whether the deceased was entitled to all the rights and privileges of such member.

*Davis* v. *Clements,* 148 Ind. 605, 62 Am. St. 539, was a suit in equity by appellee against appellant to enjoin him from paying out certain money as ordered by a judgment and decree of foreclosure. It was averred in appellee's complaint that she was entitled to have one-third of the proceeds of the sale of the land paid to her before any should be applied on the other judgments, etc. It was held that such allegation was a mere conclusion, and not a statement of a fact, and that facts and not conclusions should be stated in pleadings. See *Western Union Tel. Co.* v. *Taggart,* 14 Ind. 281; *State, ex rel.,* v. *Casteel,* 110 Ind. 174;

*Caskey* v. *City of Greensburg*, 78 Ind. 233, 237. Under these authorities the first paragraph of complaint is radically defective.

It does not affirmatively appear from the record upon which paragraph of the complaint the judgment rests, and, even if the other paragraphs are good, the judgment could not stand. As to whether the other paragraphs, or either of them, are good, we do not express an opinion, except to say that they fall far short of being model pleadings.

The judgment is reversed, and the trial court is directed to sustain the demurrer to the first paragraph of the complaint.