## Grand Lodge Ancient Order of United Workmen of Indiana *v.* Hall.

[No. 5,404.   Filed February 20, 1906.]

1. INSURANCE.—*Mutual Benefit.—Beneficiaries.—Interest.*—Prior to the death of a member of a mutual benefit insurance association, a beneficiary has only a contingent interest.   p. 372.

2. PLEADING. — *Complaint. — Insurance.—Mutual Benefit.—Performance of Conditions.*—To authorize a recovery by the beneficiary of a certificate of a mutual benefit insurance association, it must be shown by the complaint that the assured performed the requirements of the constitution and by-laws, and an averment that the beneficiary performed all the conditions required by such beneficiary is insufficient.   p. 372.

3. TRIAL.—*Insurance.—Mutual Benefit.—Payment for Assured.*—An allegation in a complaint, that assured, a member of a mutual benefit insurance association, performed all of the conditions on his part to be performed, is proved by evidence showing that such things were performed by others for him.   p. 372.

4. EVIDENCE.—*Admissions.—Insurance.—Insured.—Beneficiary.*—As a general rule admissions of the assured, after receipt of the policy, are not admissible against the beneficiary, and this rule applies to mutual benefit as well as to ordinary insurance.   p. 373.

From Warrick Circuit Court; *Elbert M. Swan,* Judge.

Action by Sue R. Hall against the Grand Lodge of the Ancient Order of United Workmen.   From a judgment for plaintiff, defendant appeals.   *Reversed.*

*C. L. Wedding,* for appellant.

*Hatfields & Hemenway* and *William M. Waldschmidt,* for appellee.

ROBY, C. J.—This is the second appeal.   A judgment for appellee was heretofore reversed because of the insufficiency of the first paragraph of complaint.   The objection urged was that it "failed to aver a compliance with all the conditions imposed upon the insured and the beneficiary by the contract."   It was then said by the court that there

must be "either a detailed allegation of performance of every condition or a general allegation of the performance of all conditions." *Grand Lodge, etc.,* v. *Hall* (1903), 31 Ind. App. 107. When the cause was returned to the trial court, an amended complaint in two paragraphs was filed. The averment contained in the first paragraph thereof, relative to performance, being in terms as follows: "Immediately after the death of said William H. Hall, plaintiff furnished defendant with proof of death of said William H. Hall, and plaintiff has performed all of the conditions of said policy on her part to be performed."

Under the constitution and by-laws of the association it was incumbent upon the deceased member to keep up his membership. The beneficiary had only a contingent interest prior to the death of the member. *Carter* v. *Carter* (1905), 35 Ind. App. 73; *Bunyan* v. *Reed* (1904), 34 Ind. App. 295.

The appellant, in order to make a *prima facie* case, was required to plead performance by the assured. *Grand Lodge, etc.,* v. *Hall, supra; Supreme Lodge, etc.,* v. *Knight* (1889), 117 Ind. 489, 491, 3 L. R. A. 409.

The allegation made is that the plaintiff has furnished proofs of death and performed all of the conditions "on her part to be performed." Prior to death of the member no condition on her part to be performed existed.

It is undoubtedly true that an allegation of performance by one upon whom a duty rests may be supported by proof of acts done by others for him. Had it been averred that the insured performed the conditions upon his part to be performed, proof of payment of assessments by the appellant would therefore have been admissible, but no such averment is made, either in form or in substance. The demurrer to the first paragraph of amended complaint ought therefore to have been sustained.

In view of the necessity for a new trial, in which the same questions will arise, it is not inappropriate to say

4.　that, while logically there may be some distinction between the admission of statements by the member of a benefit association as against his beneficiary in an action of this nature and statements of a similar character by the insured, under an ordinary life policy, the holding of the Supreme Court that the same rule obtains, made after due consideration, is binding upon this court. *Supreme Lodge, etc.,* v. *Schmidt* (1884), 98 Ind. 374. Viewed in a broad way there is no reason why a distinction ought to be made. Conditions may exist under which they are receivable. *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32.

The judgment is reversed as of the date of submission, and the cause remanded, with instructions to sustain appellant's demurrer to the first paragraph of amended complaint and for further consistent proceedings.