## MARSHALL v. GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN.

[No. 5,943. Filed May 3, 1907.]

1. EVIDENCE.—*Declarations as to Payment of Insurance Assessments.—Mutual Benefit.*—The declarations of a member of a fraternal insurance order, that he was unable to pay his August assessment, and that if the lodge would pay it, he would repay the lodge, are admissible in favor of the order to show the ability and disposition of such member to pay his assessments, although the alleged default was in the failure to pay the September assessment. p. 124.

2. SAME.—*Objections.—General.*—Objections that offered evidence was irrelevant and immaterial, are unavailing, though such evidence was taken, upon interrogatories, under an agreement that such interrogatories and the answers should be read in evidence, "questions of relevancy and competency only being reserved." p. 124.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by Addie Rowena Marshall against the Grand Lodge, Ancient Order of United Workmen of the State of Indiana. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*George K. Denton, Larz A. Whitcomb* and *George A. Cunningham,* for appellant.

*Charles L. Wedding,* for appellee.

Roby, P. J.—This is the second appeal, a judgment for appellant having been heretofore reversed. *Grand Lodge, etc.,* v. *Marshall* (1903), 31 Ind. App. 534. After the cause was returned to the trial court, appellee filed an amended answer in two paragraphs, setting up a forfeiture by reason of a failure to pay the assured's September assessment, his death occurring on November 12, following. A reply in general denial was filed, and the disputed issue was as to whether the deceased member was suspended and his insurance forfeited by the failure to pay said assessment. This issue was submitted to a jury and a verdict returned for

appellee. Appellant's motion for a new trial was overruled and judgment rendered on the verdict.

The assignment discussed is that the court erred in overruling the motion for a new trial. The first ground stated for a new trial relates to the admission of evidence 1. to the effect that the deceased member stated in a meeting of the lodge of which he was a member, such meeting having been held on September 5, that he was not able to pay his August assessment, and he requested the lodge to pay it for him, which it did, he promising to repay in a week or ten days. The objection to this evidence is that it does not relate to the particular assessment in question. It was, however, sufficiently connected therewith to go to the jury as one of the circumstances of the case, as tending somewhat to show the ability and disposition of the member to pay his assessment. *Brooklyn Life Ins. Co.* v. *Bledsoe* (1875), 52 Ala. 538.

The witness Howe testified, in substance, that he had a conversation with the deceased during the week previous to his death, in which deceased said that he did not 2. intend to pay any more dues into the lodge, as he had no one to leave as his beneficiary, since he separated from his wife. The objection made to this evidence is that it was an admission of the assured not receivable as against the beneficiary. *Grand Lodge, etc.,* v. *Hall* (1906), 37 Ind. App. 371; *Supreme Lodge, etc.,* v. *Schmidt* (1884), 98 Ind. 374. This evidence was taken upon interrogatories submitted to the witness under an agreement signed by counsel upon both sides, to the effect that the questions and answers should be read in evidence, "questions of relevancy and competency only being reserved." The objections made upon the trial to the questions eliciting such facts were that the same were irrelevant and immaterial. Appellant's counsel concede the general rule that such objection is unavailing on appeal, but contend that, under the stipulation quoted, no other objection was necessary. The reverse is held. The

facts by reason of which such incompetency is claimed should have been stated, in order that the trial court could intelligently rule upon the question now presented for review. The stipulation quoted in nowise changes the reason of the rule.

Complaint is made of certain instructions given. We do not think any reversible error in that behalf is shown.

Judgment affirmed.