OHIO FARMERS INSURANCE COMPANY *v.* WILLIAMS.

[No. 9,028. Filed May 10, 1916. Rehearing denied December 22, 1916.]

1. INSURANCE.—*Fire Insurance Policy.—Stipulation Against Other Insurance.—Validity.*—Stipulations in a fire insurance policy to the effect that the policy shall be void if the insured has or procures any other contract of insurance on the property covered are valid and reasonable, and when they are violated, the insurer may defend against loss on the ground of breach of the contract. p. 438.

2. INSURANCE.—*Fire Insurance Policy.—Stipulation Against Other Insurance.—Use of Word "Void."—Effect.*—Where a stipulation in a fire insurance policy provides that the policy shall be void if the insured shall procure additional insurance on the property covered, a breach of such stipulation does not render the policy void, but only voidable at the election of the insurer. p. 438.

3. INSURANCE.—*Policy.—Breach.—Avoidance of Contract.—Return of Premiums.*—Where an insurance company's defense to an action on a policy is based upon a breach thereof that renders the contract ineffectual from its inception, so that, the risk never having attached, there was no consideration for the premium received, the insurer, upon learning of the breach, must seasonably offer to return the premium, or it cannot insist upon a forfeiture of the policy. p. 439.

4. INSURANCE.—*Policy.—Breach.—Avoidance of Contract.—Return of Premium.*—Where an insurer's liability attaches upon the execution of the policy, the return of the premium by the insurer is not necessary to avoid the contract for a breach of its stipulations by the insured. p. 439.

5. INSURANCE.—*Fire Insurance Policy.—Breach of Insured.—Return of Premium.—Cancellation.*—An insurer's denial of liability on a policy because of a breach of its stipulations by the insured does not amount to a cancellation of the policy requiring the return of the *pro rata* share of the premium, under a provision of the contract stating that upon cancellation of the policy by

the company, it shall only retain a *pro rata* share of the premium for the time elapsed. p. 442.

6. INSURANCE.—*Fire Insurance Policy.—Construction.*—Fire insurance contracts are strictly construed as against the insurer, so as to prevent a forfeiture, and liberally construed in favor of the insured to the end that the contract may serve its purpose of furnishing indemnity in case of loss. p. 442.

7. INSURANCE.—*Fire Insurance.—Action on Policy.—Pleading.*—Where, in an action on a fire insurance policy, the defense of forfeiture because of a breach of the stipulations in the contract, interposed by answer, was waived by the insurer, a reply setting up such waiver properly presents the same. p. 443.

From Bartholomew Circuit Court; *Hugh Wickens,* Judge.

Action by Samuel Hamer Williams against the Ohio Farmers Insurance Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Charles S. Baker* and *Frank N. Richman,* for appellant. *C. J. Kollmeyer* and *Julian Sharpnack,* for appellee.

MORAN, J.—This is an appeal from a judgment in the sum of $1,135.53 against appellant upon an insurance policy issued by appellant to indemnify appellee against loss by fire or lightning to certain chattel property owned by appellee. A review is sought as to the action of the trial court in holding insufficient as against demurrer appellant's second and eighth paragraphs of answer addressed to appellee's second paragraph of amended complaint and appellee's amended complaint respectively. The action of the court complained of was brought about by demurrers addressed to affirmative paragraphs of reply being carried back and sustained to the paragraphs of answer to which the replies were respectively addressed. The record discloses a paragraph of complaint designated as an amended complaint, and a second paragraph of amended complaint. They differ not in theory and but slightly in phraseology. The sufficiency of neither paragraph being challenged, reference hereafter will be made, as a matter of convenience, to the complaint and not to the separate paragraphs.

It is disclosed by the complaint that in consideration of a premium of $39, appellant issued to appellee a policy of insurance insuring against loss by fire or lightning appellee's chattel property consisting (1) of furniture, clothing, provisions and household goods of all kinds and character specifically described; (2) hay, grain, fodder and seeds; (3) live stock; (4) farming implements. That on October 29, 1911, the property insured was totally destroyed by fire. A compliance with the conditions of the policy is pleaded and a copy of the policy and an itemized bill of particulars of the property destroyed is made a part of the complaint.

The following part of stipulation No. 8 of the policy is material to the questions presented for consideration: "This entire policy, unless otherwise provided by agreement, endorsed hereon added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy, etc."

The second paragraph of appellant's answer embodies that part of stipulation No. 8 of the policy heretofore set out, and in substance alleges, that the insured, on July 21, 1910, violated this stipulation by procuring additional insurance from the German Fire Insurance Company of Indiana, in the absence of an agreement authorizing the same, as provided by the policy. A disposition of the error predicated upon the sustaining of the demurrer to this paragraph of answer will dispose of the error predicated upon a similar ruling as to the eighth paragraph of answer, as the paragraphs are identical, except addressed to different paragraphs of complaint, which paragraphs of complaint seek the same relief, and differ, as we have said, but slightly in phraseology.

It is appellant's position that by appellee procuring additional insurance in the manner and under the circumstances as set forth in the answer, under consideration, he

breached a condition in the policy which relieves it from liability. The reason underlying the insertion of a stipulation such as here under consideration in policies of insurance covering indemnity for loss by fire is to prevent over-insurance, and "upon the assumption that the insured will be less careful to protect his property from loss in proportion as to the amount his insurance is increased," and further that the moral hazard should not be increased without the knowledge of the insurer. 19 Cyc 764; 5 Elliott, Contracts §4240; *Havens* v. *Home Ins. Co.* (1887), 111 Ind. 90, 12 N. E. 137, 60 Am. Rep. 689; *American Ins. Co.* v. *Replogle* (1888), 114 Ind. 1, 15 N. E. 810; Elliott, Insurance §245.

Such stipulations are regarded as valid and reasonable, and when violated, the insurer may, when a loss occurs, defend on the ground of a breach of the contract

1. in this respect. Thus far there is no ground for controversy.

Appellee's main objection to the answer is that the procuring of additional insurance did not render the contract void, but only voidable at the election of the insurer, and hence that it became appellant's duty as a condition precedent to defend upon this ground to return, or offer to return, the unearned portion of the premium; and that the absence of such averment in the answer rendered it insufficient to state a defense to the complaint.

Appellee's contention that the stipulation against procuring additional insurance does not render the policy void, but voidable at the election of the insurer is,

2. as well as kindred stipulations, abundantly supported by the authorities. *Saville* v. *Aetna Ins. Co.* (1889), 8 Mont. 419, 20 Pac. 646, 3 L. R. A. 542; *Carpenter* v. *Providence, etc., Ins. Co.* (1842), 16 Pet. 495, 10 L. Ed. (U. S.) 1044; *Glens Falls Ins. Co.* v. *Michael* (1906), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Turner* v. *Meridan Fire Ins. Co.* (1883), 16 Fed. 454; *Com-*

*mercial Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654; 95 N. E. 1004, Ann. Cas. 1914A 968; *Germania Fire Ins. Co.* v. *Klewer* (1889), 129 Ill. 599, 22 N. E. 489.

This as well as the Supreme Court and the courts of other jurisdictions generally have frequently held that both as to fire and life insurance policies where a defense 3. is based upon a breach of the policy that renders the contract ineffectual from its inception, and where, in fact, no risk attached, that under such circumstances there is no consideration for the premium received, and that the insurer upon learning of the breach should seasonably offer to restore the premium received by it; and failing to do so, it could not insist upon a forfeiture of the policy. *Glens Falls Ins. Co.* v. *Michael, supra; Catholic Order of Foresters* v. *Collins* (1912), 51 Ind. App. 285, 99 N. E. 745.

That liability attached, under the policy in suit, upon its execution and delivery is not denied by either party, and this is true up to the date of the procuring of 4. the additional insurance; at this date appellant takes the position that liability ceased on its part, while on the part of appellee it is contended that there was no cessation of liability, in the absence of an election on the part of appellant to avoid the contract by a return or offer to return the unearned premium. In view of the fact that this subject has been before the courts of this state heretofore, nothing further need be said than that this jurisdiction is committed to the doctrine that finds support in various jurisdictions that there is a distinction resting upon a legal principle between where a liability attached upon the execution of the policy, and where it did not, in reference to a return of the premium. In one instance the return of the premium is essential, in the other it is not. "Premiums paid to secure insurance cannot be recovered if the risk has once attached. If a policy is valid at its inception, then the company cannot be required to refund

the premiums received." *Standley* v. *Northwestern, etc., Ins. Co.* (1884), 95 Ind. 254; *Continental Life Ins. Co.* v. *Houser* (1883), 89 Ind. 258; *Northwestern, etc., Assn.* v. *Bodurtha* (1899), 23 Ind. App. 121, 53 N. E. 787, 77 Am. St. 414; *American Ins. Co.* v. *Replogle, supra.*

Cooley in his briefs on the Law of Insurance, page 1043, says: "It is a principle of almost elementary character that, if the risk has once attached, there can be no return of the premium". And further, at page 1048, he says: "On the principle that when the risk has once attached a premium must be considered as earned, a valid forfeiture of a life policy will not justify a recovery of the premium paid, in the absence of an agreement giving the insured such a right."

In *Georgia Home Ins. Co.* v. *Rosenfield,* (1899), 95 Fed. 358, 37 C. C. A. 96, Lurton J., speaking for the court, uses the following language: "So, if the risk attached and the policy became void subsequently through the conduct of the insured, no part of the premium can be recovered." This case involved the question of additional insurance in violation of the provisions of the policy.

In the recent case of *Marion, etc., Bed Co.* v. *Empire State Surety Co.* (1912), 52 Ind. App. 480, 100 N. E. 882, a review of the authorities was had as to when and under what circumstances it was necessary for the insurer to tender back the premiums in order to defend upon certain grounds, and it was there announced as the judgment of the court that, the policy having taken effect, the insured was not entitled to a return of the premium; that it was only when the policy was void *ab initio* that the premium must be tendered or returned to the insured.

In *Aetna Life Ins. Co.* v. *Paul* (1881), 10 Ill. App. 431, in an action in assumpsit to recover premiums paid, it was said, after discussing the conditions under which the insured was entitled to a return thereof: "But where a risk is entire, and has once commenced to run, though it be for

ever so short a period, there can be no apportionment or
return of the premium.''

The policy before us indemnified appellee against loss
by fire and lightning to his property for a period of three
years for the gross sum of $39.60, and appellant was not,
under the authorities, required to return any part of the
$39.60 under the circumstances, unless the provision of the
policy in reference to the cancellation thereof can be con-
strued to require such return.   The provision of the policy
as to cancellation, so far as it relates to appellant, is:
''If cancelled by the company, it shall only retain a pro
rata share of the premium for the time elapsed.''   It might
be further added that the policy provides for cancellation
by both the insured and insurer at any time.   In *Colby*
v. *Cedar Rapids Ins. Co.* (1885), 66 Iowa, 577, 24 N. W.
54, the insured sought to cancel certain policies of insur-
ance and apply the unearned premiums on a new policy
in another company; his method of attempting to do so was
by assigning the unearned premiums to the agent of the
company issuing the latter policy, and in discussing the
irregularity of the method resorted to to cancel or attempt
to cancel the former policy, the court said: ''It is not
denied by plaintiff, and could not ·be properly, that if the
Phoenix insurance was obtained before the virtual cancella-
tion of the policies in the defendant company, these policies
would be avoided by Marray's act in violating the condi-
tion, and there would be nothing left to cancel, and no
claim would accrue for unearned premiums.''   This was
where there was a stipulation in the policy against addi-
tional insurance, and it was held that the violation of the
contract against additional insurance avoided the policy and
there was nothing left to cancel.   The Supreme Court of
Minnesota in discussing a provision in a policy that gave
the insurer the right to terminate the contract at any time,
at its option, by giving notice and refunding a ratable pro-
portion of the premium for the unexpired term, where

there was a loss by fire after additional insurance was effected in violation of a condition in the policy, said: "The provision in the policy authorizing the company to terminate the contract at any time, at its option, bore no special relation to that concerning other insurance. By the plain terms of the policy, other insurance without the consent of this company would *ipso facto* avoid the contract; and in the case of a contract thus avoided, it would not be obligatory upon the insurer to repay any of the unearned premium * * *. It required no affirmative act of election on the part of the company to make operative the clause avoiding the contract whenever the specified conditions should occur." *Johnson* v. *American Ins. Co.* (1889), 41 Minn. 396, 43 N. W. 59.

Both upon authority and reason it seems that appellant's action in denying liability, by reason of the conduct of appellee in effecting other insurance, cannot be treated as a cancellation of the policy, calling for a return of the pro rata share of the premium for the time between the date appellee effected the insurance to the date when the policy would expire, as disclosed upon its face. This disposes of the main question presented for consideration, and in so concluding, we are mindful that contracts of insurance, such as are here under consideration, are strictly construed as against the insurer, so as to prevent a forfeiture of the contract, and liberally construed in favor of the insured to the end that the contract serve the purpose for which it was intended— that of indemnity in case of loss. But the provision here under consideration against procuring additional insurance is clearly expressed and in unambiguous terms, and to disregard the same would be to disregard the contract entered into between the parties. Additional insurance having been procured, and the loss having occurred thereafter, which is disclosed by the answer under consideration, the same states a defense to the complaint. An answer similar

in all respects to the one under consideration was held good in the cases of *Bowlus* v. *Phenix Ins. Co.* (1892), 133 Ind. 106, 115, 32 N. E. 319, 20 L. R. A. 400, and *Sisk* v. *Citizens' Ins. Co.* (1896), 16 Ind. App. 565, 45 N. E. 804.

Holding the answer sufficient virtually holds that the question is properly raised in this manner, and disposes of appellant's further contention that the complaint was so drafted that appellant should have raised the question of additional insurance by demurrer, and by not doing so it was waived.

The sufficiency of the replies to avoid the paragraphs of answer on the ground of waiver is not before the court for consideration; however, if the defense interposed by the answers was waived by the insurer, a reply setting up such waiver would properly present the same. *Continental Ins. Co.* v. *Vanlue* (1891), 126 Ind. 410, 26 N. E. 119, 10 L. R. A. 843; *Fort Wayne Ins. Co.* v. *Irwin* (1899), 23 Ind. App. 53, 54 N. E. 817; *Evans* v. *Queen Ins. Co.* (1892), 5 Ind. App. 198, 31 N. E. 843.

It follows that the court erred in carrying the demurrer addressed to the replies back and sustaining the same to the paragraphs of answer to which the replies were addressed respectively. The judgment is reversed, with instructions to the trial court to overrule the demurrers to the second and eighth paragraphs of answer; and for further proceedings consistent with this opinion.

NOTE.—Reported in 112 N. E. 556. Insurance: (a) acts sufficient to effect the cancellation of a fire insurance policy by insurer, 17 Ann. Cas. 795, Ann. Cas. 1915A 1233; (b) necessity of the return or tender of unearned premium to effect cancellation of a fire insurance policy by insurer, 12 Ann. Cas. 1067, Ann. Cas. 1913D 490; (c) retention of policy as a waiver of mistake or fraud of insurer or its agent, especially as to other insurance, 67 L. R. A. 726. See under (1, 2) 19 Cyc 703, 764, 765; (3) 19 Cyc 798; (6) 19 Cyc 656, 716; (7) 19 Cyc 930.