The **BUEHLER CORPORATION**

v.

The **HOME INSURANCE COM-PANY et al.**

No. IP 71-C-520.

United States District Court,
S. D. Indiana,
Indianapolis Division.

April 27, 1973.

Richard D. Wagner, Krieg, DeVault, Alexander & Capehart, Indianapolis, Ind., for plaintiff.

Mark Gray, Kightlinger, Young, Gray & DeTrude, Indianapolis, Ind., for defendants.

### MEMORANDUM OPINION AND ORDER

NOLAND, District Judge.

The plaintiff in this case sued to recover on three fire insurance policies issued by the defendants. Trial was had to the Court on April 9, 1973. After carefully considering the evidence and the briefs and arguments of counsel, it is the opinion of the Court, for the reasons given below, that judgment should be for the defendants.

The insurance policies involved in this suit provided a total of $150,000 in fire

insurance coverage on "Building No. 3," divided among the defendants as follows:

The Home Insurance Company      $37,500

Glens Falls Insurance Company      37,500

Great American Insurance Company      75,000

The policies also provided fire insurance coverage on "Building No. 2" and the contents of Building No. 3, extended coverage and vandalism and malicious mischief insurance on both Buildings No. 1 and No. 2, and the contents of Building No. 3, and sprinkler leakage insurance on the contents of Building No. 3.

Each policy provided that "Automatic Sprinkler Clause No. 2, Form No. 4, applies to Building No. 3 from May 1 to October 31 each year." This clause reads as follows:

"This policy being written at a rate based on the protection of the premises by the sprinkler system, it is a condition of this policy that, insofar as the sprinkler system and water supply therefor are under the control of the Insured, due diligence shall be used by the Insured to maintain them in complete working order, and that no change shall be made in the said system or in the water supply therefor unless immediate notification is given to the Rating Bureau. Permission, however, is hereby given in case of break, leakage, or the opening of sprinkler heads, to shut off the water from so much of the sprinkler system as may be imperatively necessary, it being a condition of this policy that the Rating Bureau will be immediately notified and the protection restored as promptly as possible."

It is clear that plaintiff violated this condition of the policies. Because of a broken valve which was not promptly repaired, the sprinkler system in Building No. 3 was completely inoperative at the time of the fire on October 5, 1970. The sprinkler system had been inoperative since approximately the middle of June 1970. Plaintiff never advised the Rating Bureau that the sprinkler system in Building No. 3 was not in working order, as required by the policies.

■ Since plaintiff has violated the terms of the policies, it cannot recover unless defendants have in some manner waived the violation. Plaintiff asserts that such a waiver resulted from the failure of defendants to return or tender any unearned premiums within a reasonable time after defendants discovered the violation. In support of its position, plaintiff cites Farmers' Conservative Mutual Insurance Co. v. Neddo, 111 Ind. App. 1, 40 N.E.2d 401 (1941).

■ The Court does not question the validity of *Neddo*, but finds that it is not applicable to the present case. In *Neddo*, the plaintiff-appellee was the owner of two dwelling houses and a garage which, together with household furniture and other personal property, were insured under a policy of fire insurance issued by the defendant insurance company. Approximately one year after the policy was issued, one of the houses was destroyed by fire. The policy contained a provision which stated that:

"This entire policy, unless otherwise provided by agreement endorsed thereon or added hereto shall be void . . . if a building herein described, whether intended for occupany by owner or tenant, be or become vacant or unoccupied and so remain for ten (10) days."

After the fire the insurance company obtained knowledge of the fact that the subject property had been vacant or unoccupied for more than ten days when it was destroyed by fire, and the insurance company refused to pay the loss. It did not return or offer to return the unearned portion of the premium paid by the insured upon the destroyed property. The Court held that, on the facts presented, the insurance company was required to return the unearned premium, and, since it had not done so, judgment was for the insured.

The policies in the present case do not have a clause providing that the entire

policy shall be void if certain conditions are broken, as in *Neddo*. To the contrary, these policies have a provision which states:

> "Divisible Contract Clause. If this policy, by this endorsement, covers two or more buildings or the contents of two or more buildings, the breach of any condition of the policy in any one or more of the buildings covered or containing the property covered shall not prejudice the right to recover for loss occurring in any building covered or containing the property covered, where at the time of loss a breach of condition does not exist."

Furthermore, these policies provide for vandalism, malicious mischief, sprinkler leakage and extended coverage, in addition to fire insurance. Defendants do not claim that the policies are void, merely that the plaintiff's loss is not compensable because of plaintiff's breach of the terms of the policies. The rule is recognized in 16 INDIANA LAW ENCYCLOPEDIA, INSURANCE § 127 that:

> "Where a policy becomes void through the conduct of the insured after the risk attaches, he is not entitled to a return of the premium. On the other hand, where a policy is void ab initio the insured, in the absence of fraud on his part, is entitled to a return of the premiums."

See also Ohio Farmers' Ins. Co. v. Williams, 63 Ind.App. 435, 112 N.E. 556 (1916).

In this case, it is clear that risk attached when the policies were issued and effective, on May 31, 1968. Thereafter the plaintiff violated the provision of the policies requiring a sprinkler in Building No. 3 from May 1 to October 31 of each year. The policies then became void as to the fire insurance coverage on Building No. 3. Since the risk had attached when the policies were issued, the premiums were earned at that time. Therefore, the defendants were not required to tender any premium to the plaintiff and did not waive the breach of the policies by plaintiff. Thus, defendants are not liable to plaintiff.

For the reasons stated, it is ordered that plaintiff recover nothing by its complaint in this case and that judgment be entered for the defendants, with costs against plaintiff.

This opinion shall constitute findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.