# FARMERS MUTUAL FIRE INSURANCE COMPANY
## *v.* HILL.

[No. 6,674. Filed March 29, 1910.]

1. APPEAL.—*Briefs.*—*Waiver.*—Alleged errors not discussed are waived. p. 607.
2. INSURANCE.—*Policies.*—*Voidable.*—*Answer.*—In an action on a fire policy, an answer alleging that the assured, contrary to the company's rules of which he had knowledge, placed oil and gasoline in his barn, that he left stoves burning in such barn, and that such stoves set the barn on fire, thereby destroying it, is insufficient, there being no showing of a rescission of the contract because of the alleged breach, or any return, or offer of return, of the premiums or assessments received. p. 607.
3. INSURANCE.—*Fire Policies.*—*Violation of Rules by Assured.*—*Negligence.*—*Wilfulness.*—*Answer.*—An answer, in a fire insur-

ance case, that the plaintiff placed gasoline and oil stoves in the insured barn, and that he negligently and carelessly left them burning, in violation of his contract, and that he "wilfully and carelessly" left them burning, by reason whereof the barn was destroyed, does not show a wilful or intentional burning of the barn, and is therefore insufficient.  p. 608.

From Noble Circuit Court; *Joseph W. Adair*, Judge.

Action by Wilbur H. Hill against the Farmers Mutual Fire Insurance Company, of Noble county, Indiana. From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*Fred L. Bodenhafer* and *L. W. Welker*, for appellant.

*T. A. Redmond*, *L. H. Wrigley* and *R. W. McBride*, for appellee.

Comstock, J.—Action upon a policy of fire insurance issued by appellant corporation to appellee on certain real and personal property owned by him.  The complaint alleges the execution of the policy, the payment of all assessments, the destruction of the property by fire, and the performance by appellee of all the terms and conditions of the policy. The appellant answered in two paragraphs, each admitting the allegations of the complaint, but averring that by article sixteen of the rules and regulations set forth in appellant's constitution it is provided:

> "This association will not insure in any incorporated cities, towns or villages, nor will this association insure any property, such as mills, blacksmith shops, tanneries, schoolhouses, churches or barns with stoves or furnaces, arches for fires, etc.  They will insure threshing machinery when not in use, as contents of building only."

The first paragraph of answer avers that appellee, with knowledge of the rule before set forth, placed in his bank barn (one of the buildings insured), oil and gasoline stoves, filled the stoves with oil and gasoline, lighted them, and negligently and carelessly left them burning and unprotected; that they were burning when said bank barn caught fire and was burned; "that it was on account of

plaintiff's violation of said policy and the articles of association, rules and regulations of defendant company, by placing said stoves in said barn in such manner, that the barn, with its contents, was destroyed by fire.'' The allegations of the second paragraph of answer are similar to those of the first, except that the connection between the placing of the stoves in the barn and the destruction of the barn is thus alleged: ''Plaintiff did  * * * wilfully and carelessly place in said bank barn gasoline and oil stoves, and started fires therein, and left them burning in said barn, unprotected from, and setting fire to, combustible and inflammable matter in said building, which caught fire from said stoves, whereby said barn and its contents were burned, all of which was caused by plaintiff's negligence and carelessness in so placing said stoves in said barn and starting fire therein, as aforesaid, and not otherwise.'' Said first paragraph of answer, referring to the policy in suit, alleges that ''defendant further admits that plaintiff paid all assessments made thereon,'' and a similar averment is in the second paragraph of answer. A demurrer for want of facts was overruled as to the complaint, and sustained as to each of said paragraphs of answer. The appellant refusing to plead further, the court rendered judgment in favor of appellee for $1,432 and costs.

The errors relied upon for reversal challenge the sufficiency of the complaint and the action of the court in sustaining the demurrer to each of said paragraphs of answer. The first specification of error is waived by failure to discuss it.

1.

Appellee seeks to uphold the action of the court upon various grounds. We think it necessary to refer to but one of them, viz.: Each paragraph of the answer is bad because of its failure to aver any rescission of the contract by appellant, or any tender or offer to return the premiums and assessments paid by appellee. Whether the rule referred to, and whether appellee's agreement in the

2.

policy to comply with the rules and regulations of the association, constitute a continuing warranty, as claimed by appellant, or whether it is, as contended by appellee, a rule adopted solely for the guidance of appellant's officers and agents in placing insurance, still, each of said paragraphs is insufficient upon the ground before stated. *Aetna Life Ins. Co.* v. *Bockting* (1907), 39 Ind. App. 586; *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 8 L. R. A. (N. S.) 708; *Modern Woodmen, etc.,* v. *Vincent* (1907), 40 Ind. App. 711.

The first paragraph charges only. that appellee placed the stoves in said barn, filled them with gasoline and oil, lighted them, and negligently and carelessly left them burning and unprotected, in violation of his said contract.

The second paragraph charges the same acts to have been done by appellee "wilfully and carelessly," and that the building caught fire from said stoves, all of which was caused by the wrongful act of appellee. These averments amount only to an allegation of negligence, and are not sufficient to avoid the obligation of the insurer upon the policy, because not coupled with the intention of the insured to destroy such property.

Judgment affirmed.