## BRASHEARS ET AL. *v.* PERRY COUNTY FARMERS PROTECTIVE INSURANCE COMPANY.

### [No. 7,513.   Filed June 19, 1912.]

1. INSURANCE.—*Mutual Company.—By-laws.—Policy.*—By-laws of a mutual insurance company that are not inconsistent with the provisions of the policy become a part of the contract of insurance and must be construed therewith, even though not referred to in the policy.   p. 10.

2. INSURANCE.— *Fire Insurance.— Mutual Company.— By-laws.— Suspension of Policy.*—A provision in the policy of a mutual fire insurance company that the company will "not pay any loss or damage on any dwelling house when vacant more than ten days," is not inconsistent with a by-law suspending the policy where there is such vacation, and providing that the owner shall notify the secretary of the company of reoccupation in order to revive the policy.   p. 10.

3. INSURANCE.—*Action on Policy.—Pleading By-laws.*—An allegation in the answer of a mutual insurance company, that, at the time the policy was issued to plaintiff, it delivered to plaintiff a copy of the company's by-laws, is a sufficient allegation that the by-laws were in force at the time the policy was issued.   p. 11.

4. INSURANCE.— *Fire Insurance.— Mutual Company.— By-laws.— Suspension of Policy.—"Vacant."*—A house is vacant within the meaning of a by-law of a mutual fire insurance company suspending a policy where the building insured becomes vacant for more than ten days, when no one lives therein, although it contains articles of furniture which the last occupant failed to remove.   p. 12.

5. INSURANCE.—*Fire Insurance.—Suspension of Policy.—Liability for Loss.—Cancellation.*—Where a policy of fire insurance provided that the company reserved the right to cancel at any time .

after giving the insured five days' notice, and the house covered by the policy was burned while the policy was suspended under a by-law providing for such suspension in case of vacancy for more than ten days, affirmative action was necessary on the company's part to avoid the policy, although it had no knowledge of the vacancy until after the fire, and, having failed to cancel the policy and return the unearned premium after obtaining knowledge of such vacancy, its action must be construed as an election to hold the policy valid, and a recovery thereon may be had. p. 12.

6. PLEADING.—*Reply to Bad Answer.*—Where an answer is bad, a bad reply is sufficient. p. 13.

7. INSURANCE.—*Policies.*—*Conditions.*—*Avoidance of Liability.*— To prevent liability under a policy, whether for breach of a condition precedent or of a condition subsequent, the company on learning of such breach must elect to avoid the policy and return all money or premiums paid for the time during which no risk attached. p. 14.

From Perry Circuit Court; *C. W. Cook*, Judge.

Action by Emily J. Brashears and another against the Perry County Farmers Protective Insurance Company. From a judgment for defendant, the plaintiffs appeal. *Reversed.*

*John W. Ewing* and *William H. Roose,* for appellants.
*Philip Zoercher* and *Martha Zoercher,* for appellee.

IBACH, J.—Appellants sued to recover for a loss by fire, on a policy of insurance issued to them by appellee, a mutual insurance company organized and doing business in this State under §4819 Burns 1908, §3774 R. S. 1881.

Error is assigned in overruling the separate demurrers of plaintiffs to the second paragraph of defendant's amended answer, and in sustaining a demurrer to the second and third paragraphs of plaintiffs' reply.

By the policy, which contains no reference to the by-laws, it is "provided and agreed that this company will not pay any loss or damage on any dwelling house when vacant more than ten days." From defendant's answer it appears that it was a provision of the by-laws that the "vacation of any insured property for a longer period than ten days shall

suspend the action of the policy, but it shall revive again when reoccupied, provided the owner shall notify the secretary of such reoccupation," and that at the time the policy was issued the insured was given a copy of the by-laws. It is also alleged that the house insured had been vacant for six weeks, was reoccupied, and a few days after reoccupancy was destroyed by fire, and no notice of reoccupancy was given by plaintiffs to the secretary of the company, and he had no information from other sources of such reoccupation until after the dwelling was destroyed.

The general doctrine as to the effect of by-laws of a mutual insurance policy was well and aptly expressed by Judge Mitchell in the case of Davidson v. Old Peoples Mut., etc., Society (1888), 39 Minn. 303, 39 N. W. 803, 1 L. R. A. 482, as follows: "The general rule undoubtedly is that where a policy is issued by a mutual insurance or benefit society, the assured, by virtue of his insurance, becomes a member of the society, and must take notice of and is bound by its articles of association and by-laws, although not recited in the policy, or expressly made a part of it. All the provisions of the by-laws not inconsistent with the provisions of the policy itself will be binding as a part of the contract." See, also, Supreme Lodge, etc., v. Knight (1889), 117 Ind. 489, 20 N. E. 479, 3 L. R. A. 409; Bauer v. Sampson Lodge, etc. (1885), 102 Ind. 262, 1 N. E. 571; Gray v. Supreme Lodge, etc. (1889), 118 Ind. 293, 20 N. E. 833; Pfister v. Gerwig (1890), 122 Ind. 567, 23 N. E. 1041; Schmidt v. German Mut. Ins. Co. (1892), 4 Ind. App. 340, 343, 30 N. E. 939. Therefore, the by-laws in the present instance became a part of the contract of insurance, and must be construed with the policy. Though the provision in the policy that the company will "not pay any loss or damage on any dwelling house when vacant more than ten days," if standing alone, would probably be construed to mean that the vacation of the property for a period longer than ten days would only suspend

the action of the policy and it would revive again when re-occupied (*Aetna Ins. Co.* v. *Meyers* [1878], 63 Ind. 238), yet this provision of the policy is in its terms not inconsistent with the provision in the by-laws that the owner shall notify the secretary of reoccupation in order to revive the policy, and it must be held that the duty rested on the policyholder to give such notice.

The answer alleged that at the time the policy was issued the defendant delivered to plaintiffs a copy of the by-laws of defendant, and that said copy of the by-laws contained,

3. among others, the provision set out above. This is a sufficient allegation that the by-laws were in force at the time the policy was issued, since defendant could have no by-law not in force, for if not in force, a by-law could no longer be a by-law of the company. We regard this decision as not in conflict with the case of *Supreme Tent, etc.,* v. *Ethridge* (1909), 43 Ind. App. 475, 87 N. E. 1049, for in that case the decision goes only so far as to hold that if error was committed in sustaining the demurrer to the answer, because there was lacking an allegation that the by-laws were in force when the policy was issued, or at the death of the insured, such error was harmless, in that case.

It is alleged in the third paragraph of reply that a tenant of plaintiffs was living in the house at the time of the fire, and had occupied the house for more than ten days previous to the fire; that he had lived in and occupied the house before; that during a period of six weeks after the policy was issued he had been absent from the house, taking with him his family and the greater part of his household goods, and at the time of leaving did not intend to return, but later changed his mind and returned, and again occupied it as his dwelling; that during the time he was gone, many articles of household goods and valuables remained in said dwelling-house, which was near by plaintiffs' house, and said house was carefully watched by plaintiffs, and the fire was in no way caused by the vacation of the house.

While under the decisions in some states a house in which articles of furniture have been left is held not to be vacant within the meaning of the word as used in a fire insurance policy, such is not the force of the Indiana holdings. In the case of *Home Ins. Co.* v. *Boyd* (1898), 19 Ind. App. 173, 189, 49 N. E. 285, it is said: "From the authorities and the etymological meaning of the words, we feel fully justified in saying that the words 'vacant' and 'unoccupied', when used in a policy of insurance in connection with the idea that the insurer was stipulating against an increase in the risk from the absence of persons from the premises insured, must be regarded as interchangeable and equivalent in meaning; that when no one lives in the house it is both vacant and unoccupied, though it may contain articles of furniture which the last occupant failed to remove."

It is averred in both paragraphs of reply that at the time of the fire the plaintiffs were clear on the books of the defendant, had paid all assessments made by defendant up to that date, and had paid into the reserve fund of defendant $5, which amount so paid by plaintiffs to defendant is now held by said defendant, and no part of the same has been returned to the plaintiffs; that defendant still retains part of the money paid in on the policy sued on, and has not returned or offered to return the same. The third paragraph of reply in addition avers that defendant has never elected to avoid plaintiffs' policy by reason of their failure to notify defendant of the reoccupation, as provided for in section sixteen of the by-laws, and that the policy provides that the company reserves the right to cancel the policy at any time after giving the insured five days' notice. The answer alleges that defendant did not at any time waive any of the conditions set out in the policy, nor any of the conditions and provisions of its by-laws, and did not at any time after the policy was suspended revive the same, or give assent to its revival. There is no averment

of any affirmative act on the part of the company to avoid the policy.

When the house had been vacant ten days, liability on the policy became suspended, and, under the contract, would continue suspended after reoccupation until the secretary was notified. However, the policy was not made void by the terms of the contract, and had it been, the effect would have been only to make it voidable at the option of the company. An affirmative act by the company was necessary to avoid the policy. After the company learned of the violation of the condition of the insurance contract, even though this was after the loss, it could have elected to avoid the contract. A failure to make this election must be construed as an election to hold the policy valid. *Aetna Life Ins. Co.* v. *Bockting* (1907), 39 Ind. App. 586, 79 N. E. 524; *Modern Woodmen, etc.,* v. *Vincent* (1907), 40 Ind. App. 711, 715, 80 N. E. 427, 82 N. E. 475, 14 Ann. Cas. 89. In order to avoid the contract, the company must affirmatively signify its intention to do so, and must offer to return all unearned moneys of the insured in its possession. The by-laws provide that a policy may be canceled by the insurer at any time upon giving five days' notice to the insured. The policy was not canceled in this way. The second paragraph of defendant's answer fails to show an election to avoid the policy, and for this reason the demurrers thereto should have been sustained. It appears from the replies that defendant retains part of plaintiffs' money paid in on the policy sued on. Defendant may not avoid liability on the contract, and still retain moneys unearned. Furthermore, there could be no right to receive money from plaintiffs at a time when liability was suspended. The second and third paragraphs of reply are good, and therefore the court committed error in sustaining the demurrers thereto. However, the answer being bad, a bad reply would have been sufficient.

Our holding is supported by the following cases. *Farmers, etc., Ins. Co.* v. *Hill* (1910), 45 Ind. App. 605, 91

N. E. 361; *Modern Woodmen, etc.,* v. *Vincent, supra; Aetna Life Ins. Co.* v. *Bockling, supra; Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 83 N. E. 760; *American Cent. Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, 92 N. E. 380; *Metropolitan Life Ins. Co.* v. *Johnson* (1912), 49 Ind. App. 233, 94 N. E. 785.

We may concede, that, with the exception of *Farmers, etc., Ins. Co.* v. *Hill, supra,* in the cases just cited, the policy was voidable from the beginning, but we can see no 7. essential difference in principle, whether a policy is voidable from the beginning because of failure of a condition precedent, or whether it becomes voidable after risk has once attached because of a breach of a condition subsequent. In either case, to prevent liability, the company on learning of the breach must elect to avoid the policy, and must return premiums or moneys paid for the time during which no risk attached.

Judgment reversed.

NOTE.—Reported in 98 N. E. 889. See, also, under (1) 22 Cyc. 1411; (3) 22 Cyc. 1412; (4) 19 Cyc. 730; (5) 19 Cyc. 712; (6) 31 Cyc. 338. As to how a new by-law affects a member in standing when not destructive of vested rights, see 83 Am. St. 710. As to the doctrine that a breach of condition in a fire insurance policy renders the latter voidable merely, see 43 Am. Rep. 222. For a discussion of the meaning of the term "unoccupied" or "occupied" as used with reference to a building in a fire insurance policy, see Ann. Cas. 1912 D 82.