Insurance Co., etc. v. Indiana Reduction Co.—65 Ind. App. 330.

some of the witnesses that the building was partly on appellants' farm and partly on the right of way cannot have harmed appellants.

Appellants challenge the sufficiency of the evidence to sustain the verdict, and the action of the trial court in refusing to give their instruction No. 3, but in view of our disposition of this appeal, we deem it unnecessary to consider these questions.

Because of the errors in refusing to strike out and suppress the italicized parts of the deposition of Joseph Rocco, above set out, appellants are entitled to a new trial. Judgment reversed and cause remanded, with instructions to the trial court to grant a new trial, and for such other proceedings as are not inconsistent with this opinion.

NOTE.—Reported in 117 N. E. 270.

---

INSURANCE COMPANY OF THE STATE OF PENNSYL-
VANIA v. INDIANA REDUCTION COMPANY.

[No. 9,318.    Filed October 9, 1917.]

1. INSURANCE.—*Fire Insurance Policy.—Action.—Evidence.*—In an action to recover on fire insurance policies, uncontradicted evidence showing the issuance of the policies and the payment of premiums thereon, the occurrence of a fire damaging the property insured in an amount in excess of the total amount of insurance and that verified proofs of loss furnished the insurer were not returned or objected to by it, is sufficient, standing alone, to entitle plaintiff to a recovery.  p. 334.

2. INSURANCE.—*Fire Insurance.—Conditions Avoiding Policy.—Construction.*—A provision in a policy of insurance declaring it void, if a prohibited article is kept or used on the premises, merely means that it shall be voidable at the election of the insurer.  p. 335.

3. INSURANCE.—*Fire Insurance.—Conditions Avoiding Policy.—Waiver.*—Where an article, the keeping of which on the premises insured is prohibited by the policy, is kept and used on the

Insurance Co., etc. *v.* Indiana Reduction Co.—65 Ind. App. 330.

premises at the time of the issuance of the policy and accept-
ance of the premium therefor, and the insurer knows that fact
at the time, it waives the right to avoid the policy because of
the prohibited act. p. 335.

4. INSURANCE.—*Fire Insurance.*—*Conditions Avoiding Policy.*—
*Waiver.*—Where the insurer has no knowledge that a prohibited
article is being kept or used on the insured premises at the
time of the issuance of the policy, but subsequently discovers
such fact, it must tender back the premium received within a
reasonable time thereafter, and, upon its failure to do so, it
will be deemed to have waived the right to declare the policy
void; and this rule is applicable even where the keeping and
using of a prohibited article is not discovered until after a loss
has occurred. p. 336.

5. INSURANCE.—*Fire Insurance.*—*Knowledge of General Agent.*
—An insurance company is chargeable with any knowledge
possessed by its general agent as to facts material to the risk.
p. 336.

6. INSURANCE.—*Fire Insurance.* — *Insurance Brokers.* — *Knowl-
edge.*—An insurance broker, acting within the scope of his
authority, is the agent of the company from which he secures
insurance, and his knowledge relating to the risk is binding on
the company, though not communicated to it. p. 337.

7. INSURANCE.—*Fire Insurance Policy.*—*Action.*—*Directing Ver-
dict.*—In an action on a fire insurance policy containing a pro-
vision prohibiting the keeping or using of gasoline in the in-
sured premises, where the undisputed evidence showed that the
broker writing the insurance knew that at the time the policies
were issued, and continuously thereafter, large quantities of
gasoline were stored on the premises and used by insured in
the conduct of its business, that the premiums were paid, that,
after damage by fire, insured furnished the insurer proofs of
loss which were retained without objection, that the company's
general agent, shortly after the fire, learned of the use of gaso-
line on the premises, and that the insurer failed to return, or to
offer to return, the premiums received, the direction of a ver-
dict for plaintiff was proper; and the fact that the agency of
the broker was controverted was immaterial in view of the
knowledge of the prohibited acts possessed by the company's
general agent. p. 337.

8. APPEAL. — *Waiver of Error.* — *Briefs.* — Errors assigned as
grounds for new trial are waived by appellant's failure to pre-
sent them in its briefs. p. 338.

9. INSURANCE.—*Fire Insurance.*—*Action on Policy.*—*Evidence.*—
*Admissibility.*—In an action to recover on a fire insurance pol-
icy covering premises used for degreasing garbage, evidence as

to the process of degreasing and the use of gasoline therein was admissible as tending to show that the insurer had at least constructive knowledge of the use of gasoline on the premises, although its use was prohibited by a clause in the policy. p. 338.

10. EVIDENCE. — *Conclusions.—Admissibility.* — Evidence in the nature of conclusions is not admissible. p. 338.

11. APPEAL.—*Review.—Harmless Error.—Exclusion of Evidence.* —In an action on a fire insurance policy, error, if any, in excluding evidence relating to the insurer's knowledge of the use of gasoline on the premises insured, was harmless, where such evidence did not tend to disprove undisputed facts clearly establishing the insurer's knowledge of the practice. p. 338.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by the Indiana Reduction Company against the Insurance Company of the State of Pennsylvania and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*James Bingham, Remster A. Bingham* and *Edgar M. Blessing,* for appellants.

*Leander J. Monks, John F. Robbins, Henry C. Starr* and *James P. Goodrich,* for appellees.

BATMAN, J.—Appellee commenced a separate action against each of appellants to recover on certain fire insurance policies issued by them and held by it, covering the same property and destroyed by the same fire. These actions were each put at issue on the part of appellants by filing their respective answers in general denial, and also affirmative paragraphs, predicated on certain stipulations in the policies in suit. The only one pertinent to the questions presented by this appeal being as follows:

"This entire policy, unless otherwise provided by agreement endorsed thereon or added hereto, shall be void * * * if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used, or allowed on the above described premises * * * gasoline."

Each of such affirmative paragraphs of answer charge, among other things, that appellee, without appellants' knowledge, consent, or permission, kept, used, and allowed gasoline on the insured's premises, and thereby voided the policy on which such action was based. To said affirmative paragraphs of answer appellee filed replies in general denial, and special replies alleging in substance, among other things, that at the time the policies sued on were received by appellee, it was engaged in the process of degreasing garbage, and that in such process it was necessarily required to keep and use gasoline on the premises insured, as appellants at all times well knew; that it did so keep the same under such policies, with the knowledge and consent of appellant, and as a necessary part of its said business; that it at no time stored, kept, or used more gasoline on said premises than the need of its business at such times required; and that the gasoline so kept and used did not in any manner cause or contribute to the fire, causing the loss in question. By agreement, the two actions were consolidated and tried together as a single case by a jury. At the close of the evidence the jury, under a peremptory instruction, returned a verdict in favor of appellee against appellant, the Insurance Company of the State of Pennsylvania, for $1,674, and against appellant, Pacific Fire Insurance Company, for $2,232, and judgments were rendered accordingly. Appellants filed their motion for a new trial, which was overruled, and proper exceptions reserved by each. This action of the court constitutes the sole error assigned by appellants and relied on by each for a reversal. The motion for a new trial was based on the following reasons: (1) The court erred in giving to the jury at the close of the evidence a peremptory instruction to return a verdict for the plaintiff; (2) the verdict of the jury is not sustained by sufficient

evidence; (3) the verdict of the jury is contrary to law; (4) errors of law occurring at the trial with reference to the admission and rejection of certain evidence. As the two cases involve the same questions of law and fact, we will consider them as one in determining the questions presented.

On the trial it was shown by uncontradicted evidence, or by the admission of the parties, that the policies in suit were duly issued on August 10, 1912, and the premiums thereon paid; that a fire occurred on August 25, 1912, by which the property insured by said policies to the value of $72,280 was destroyed; that at the time of such fire the total amount of insurance held by appellee on the property was $45,500, which included the policies in suit; that at the time of such loss the total value of the property covered by the policies was $102,370; that after the fire proper verified proofs of loss were made out in writing, and delivered to appellants on September 6, 1912; that the proofs of loss were never returned, and no objections thereto were ever made to appellee, but no payment was ever made under the policies on account of the loss. This evidence, standing alone, would entitle appellee to a recovery.

Appellants' sole defense is based on a claim that, notwithstanding such facts, appellee is not entitled to recover for the reason that it voided the policies in suit by keeping and using gasoline on the insured premises, contrary to the provisions of the policies. As affecting this contention the undisputed evidence shows that at the time of the issuance of the policies, and continuously thereafter to the time of the fire, large quantities of gasoline were stored on the premises covered by the policies, and used by appellee in the conduct of its business thereon; that the insurance broker, through whom appellants secured the risks, while acting within

MAY TERM, 1917. 335

Insurance Co., etc. *v.* Indiana Reduction Co.—65 Ind. App. 330.

the scope of his authority prior to the issuance of the policies, learned that appellee was keeping and using gasoline on the premises in the conduct of its business, and knew such fact when the policies were delivered; that the general agent of appellants, who countersigned the policies, learned such fact within four or five days after the fire occurred, but appellants did not at any time return, or offer to return, to appellee any portion of the premiums paid for the policies.

On this state of facts, the court gave the jury a peremptory instruction to return a verdict for appellee, which was done. Appellants' motion for a new trial calls in question the action of the court in so doing. The following rules of law, pertinent to the question before us, are well settled in this state: A provision in a policy of insurance, declaring it void if a

2. prohibited article is kept or used on the premises, means only that it shall be voidable at the election of the insurer on the happening of such event. *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518, 102 N. E. 45; *Aetna Life Ins. Co.* v. *Bockting* (1906), 39 Ind. App. 586, 79 N. E. 524; *Metropolitan Life Ins. Co.* v. *Johnson* (1911), 49 Ind. App. 233, 94 N. E. 785; *Glens Falls Ins. Co.* v. *Michael* (1906), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Commercial Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654, 95 N. E. 1004, Ann. Cas. 1914A 968. Where such prohibited article is being kept and used on the

3. insured premises at the time of the issuance of such policy and acceptance of the premium therefor, and the insurer knows such fact at the time, it waives the right to declare the policy void on account of such prohibited act. *Ohio Farmers Ins. Co.* v. *Vogel* (1905), 166 Ind. 239, 76 N. E. 977, 117 Am. St. 382, 9 Ann. Cas. 91, 3 L. R. A. (N. S.) 966; *Farmers Mut. Fire Ins. Co.* v. *Jackman* (1904), 35 Ind. App. 1, 73 N.

E. 730; *Supreme Tribe, etc.* v. *Lennert* (1912), 178 Ind.
122, 98 N. E. 115; *Gray* v. *National Benefit Assn.* (1887),
111 Ind. 531, 11 N. E. 477; *Globe, etc., Ins. Co.* v. *Indiana
Reduction Co.* (1916), 62 Ind. App. 528, 113 N. E. 425.

4. If the insurer has no knowledge that such prohibited article is being kept or used on the insured premises at the time of the issuance of
such policy, but subsequently discovers such fact, it
must tender back, or in some appropriate way restore,
or offer to restore, to the insured the premium received
therefor, within a reasonable time thereafter, in order
to avail itself of such defense, and, upon its failure so
to do, it will be deemed to have waived the right to declare such policy void, and to have elected to treat it as
a valid contract of insurance. *Ohio, etc., Ins. Co.* v.
*Williams* (1916), 63 Ind. App. 435, 112 N. E. 556;
*Marion, etc., Bed Co.* v. *Empire State Surety Co.*
(1912), 52 Ind. App. 480, 100 N. E. 882; *Glens Falls
Ins. Co.* v. *Michael, supra; Commercial Life Ins. Co.*
v. *Schroyer, supra; State Life Ins. Co.* v. *Jones* (1911),
48 Ind. App. 186, 92 N. E. 879; *Brashears* v. *Perry
County, etc., Ins. Co.* (1912), 51 Ind. App. 8, 98 N. E.
889. This rule is applicable even where the keeping
and using of such prohibited article is not discovered
until after a loss under such policy has occurred. *American, etc., Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App.
537, 92 N. E. 380; *Brashears* v. *Perry County, etc.,
Ins. Co., supra; Masonic, etc., Assn.* v. *Beck* (1881),
77 Ind. 203, 40 Am. Rep. 295; *Glens Falls Ins. Co.*
v. *Michael, supra.* The knowledge of a general
5. agent of an insurance company of facts material to the risk is the knowledge of the company.
*Globe, etc., Ins. Co.* v. *Indiana Reduction Co., supra;
West* v. *National Casualty Co.* (1915), 61 Ind. App.
479, 112 N. E. 115; *Metropolitan Life Ins. Co.* v. *Wills*
(1905), 37 Ind. App. 48, 76 N. E. 560; *Sovereign*

MAY TERM, 1917.  337

Insurance Co., etc. *v.* Indiana Reduction Co.—65 Ind. App. 330.

*Camp, etc.* v. *Latham* (1915), 59 Ind. App. 290, 107
N. E. 749. It has also been held in this state
6. that an insurance broker, acting within the scope
of his authority, is the agent of the company
from which he secures insurance, and his knowledge relating to the risk is binding on the company, though not
communicated to it. *Indiana Ins. Co.* v. *Hartwell*
(1890), 123 Ind. 177, 24 N. E. 100; *German Fire Ins.
Co.* v. *Greenwald* (1912), 51 Ind. App. 469, 99 N. E.
1011; *Western Ins. Co.* v. *Ashby, supra; Globe, etc., Ins.
Co.* v. *Indiana Reduction Co., supra.*

Applying these rules of law to the undisputed facts
stated, we conclude that the court did not err in giving
the jury a peremptory instruction to return a
7. verdict in favor of appellee. Such facts show
that the prohibited act was being committed by
appellee at the time the policies were issued, and was
within the knowledge of the broker through whom appellants secured the risks. If he was the agent of appellants, such knowledge prevents them from subsequently declaring the policies void on that account, and
the giving of the peremptory instruction was justified.
But if it be said that the existence of such agency was
a controverted fact, and therefore a question for the
jury, still the giving of the peremptory instruction was
not error, as the undisputed facts show that the general agent of appellants, who countersigned the policies,
acquired knowledge of the commission of such prohibited act at a time subsequent to the fire, as made it
necessary that appellants return, or offer to return, the
unearned premiums received for the policies, in order
to defend on account of such prohibited act. It therefore follows that in either event appellee was entitled
to recover. Since there was uncontradicted evidence,
which clearly made out a case on behalf of appellee, and

no evidence which tended to establish a defense to either action, it was entirely proper for the court to instruct the jury to return a verdict for appellee. *Hazzard* v. *Citizens State Bank* (1880), 72 Ind. 130; *Fowler Utilities Co.* v. *Chaffin Coal Co.* (1908), 43 Ind. App. 438, 87 N. E. 689; *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592, 74 N. E. 613; *Borg* v. *Larson* (1915), 60 Ind. App. 514, 111 N. E. 201; *Watt* v. *Mishawaka Paper, etc., Co.* (1913), 53 Ind. App. 682, 99 N. E. 1029; *Dean* v. *Cleveland, etc., R. Co.* (1917), *ante* 225, 115 N. E. 92. In doing so the court did not usurp the province of the jury, but simply discharged a duty in the trial of the cause. *Moss* v. *Witness Printing Co.* (1878), 64 Ind. 125; *Modern Woodmen* v. *Jones* (1912), 52 Ind. App. 149, 98 N. E. 1006.

It is apparent from what we have said that the second and third reasons assigned as causes for a new trial are not well taken. The fourth reason so assigned cannot be sustained. Some of the errors alleged therein have been waived by appellants' failure to present the same in their brief. Others relate to the admission of evidence with reference to the process of degreasing and the use of gasoline therein. Such evidence was for the evident purpose of showing that appellants had at least constructive knowledge of the use of gasoline on such premises, and was therefore proper. Some objections were made to the exclusion of certain evidence in the nature of conclusions. This was not error. Other objections relate to the exclusion of certain evidence, relating to appellants' knowledge of the use of gasoline on the premises insured, none of which tended to disprove certain undisputed facts, which clearly established such knowledge. The exclusion of such evidence was therefore

harmless. We find no available error in any of the questions raised by said fourth reason for a new trial.

We may add that this appears to be a kindred case with the cases of *Globe, etc., Ins. Co.* v. *Indiana Reduction Co., supra,* and *Caledonian Ins. Co.* v. *Indiana Reduction Co.* (1917), 64 Ind. App. 566, 115 N. E. 596, which are decisive of some of the questions presented on this appeal. We find no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 117 N. E. 273. Insurance: necessity of the return or tender of unearned premium to effect cancellation of fire insurance by insurer, 12 Ann. Cas. 1067, Ann. Cas. 1913D 490, 1917B 910; liability of insurance broker for failure to inform the company that gasoline was kept on premises, 38 L. R. A. (N. S.) 614, 632. See under (1) 19 Cyc 936; (2) 19 Cyc 712; (3, 4) 19 Cyc 817, 819; (4) 19 Cyc 819; (6) 19 Cyc 807.