## FIDELITY-PHENIX FIRE INS. CO. OF N. Y. v. BLACKWELL.

No. 26017. Nov. 9, 1937.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

John E. Luttrell and J. D. Holland, for defendant in error.

PER CURIAM. This is a suit, filed May 3, 1932, upon a fire insurance policy covering two different classes of property, household goods and other personal property. The policy contained the usual clause that, "if the property or any part thereof shall hereafter become mortgaged or encumbered, * * * then in each and every one of the above cases this policy shall be null and void." The policy was issued January 2, 1931, for a term of five years and the first year's premium in the sum of $21.45 was paid in cash and a note given for the remaining four years' premium in the sum of $85.90. March 12, 1931, the plaintiff mortgaged the personal property covered by said policy, except the household goods, and on the 364th day after the issuance of said policy, the plaintiff had a fire which destroyed or damaged the property covered by the policy other than the household goods. The defendant pleads a forfeiture of the policy because of the violation of the nonmortgage clause, and that within a reasonable time after knowledge of the violation of said policy by the plaintiff, "it tendered to the plaintiff the full amount of the premium on said policy, to wit, the installment note, and that, since the 3d day of May, 1932, the plaintiff has kept and retained the same," and in the amended answer offers to return all premiums paid by the plaintiff in the form of cash, together with interest thereon at the regular rate.

For reply the plaintiff pleads a waiver of the defendant's right to forfeit said policy because of its retention of the cash premium of $21.45, and estoppel to assert such forfeiture.

There is no question raised by the plaintiff as to the return by the insurance company of the $85.90 note to the plaintiff on May 3, 1932, the date of the cancellation of said policy by the insurer, and the only contention upon the part of plaintiff of waiver or estoppel is based upon the failure of the company to return or offer to return the unearned portion of the $21.45 cash payment.

The defendant demurred to plaintiff's evidence, and at the conclusion of all the testimony the defendant moved for an instructed verdict, whereupon the jury was discharged by stipulation of the parties, and the court thereafter made the following finding of fact:

"By reason of the failure of the defendant to tender to the plaintiff the return of the unearned premium on the policy of insurance herein sued on until the date of the filing of its second amended answer herein, that said defendant waived its alleged defense that said policy had become void by reason of the chattel mortgage having been placed upon the personal property of plaintiff subsequent to the date of the issuance of said policy, and that the defendant is estopped to rely upon such defense"

—and rendered judgment for the plaintiff for the sum of $1,250, with interest at 6% from March 9, 1934, the date of said judgment.

The policy was for $1,750, $500 of which was on household goods and furnishings and $1,250 upon property which was damaged or destroyed. The nonmortgage provision of the policy was not violated by the insured as to the household goods. Only the other property was mortgaged. The policy was, therefore, a divisible policy, and if a loss had occurred to the household goods prior to the date of cancellation of the policy, May 3, 1932, the insurer would have been liable. Niagara Fire Insurance Co. v. Wilkerson, 150 Okla. 123, 300 P. 686.

There is not much dispute in the testimony as to the material facts. There is some uncertainty as to the date upon which the insurer learned of the mortgage by plaintiff, but there is no conflict as to the date of the cancellation of said policy, nor as to the return of the $85.90 note given for the payment of the premium for the last four years. The total first year's premium on this $1,750 policy was $21.45, and there is no evidence by either plaintiff or defendant as to the premium rate upon the household goods and furnishings or upon the other classification of property covered by the policy or as to

the amount of unearned premium, if any. In the absence of such evidence, the court below could not determine whether there was any such unearned premium, and being unable to so determine, it could not hold the defendant to a waiver of the nonmortgage clause of the policy because of its failure to return the same. The court also found that no tender of that amount had been made until the filing of the amended answer, and because thereof the defendant had waived its defense of forfeiture. In view of the fact that the policy was divisible, we think the court erred in rendering its judgment for the plaintiff and in refusing to instruct a verdict for the defendant.

We do not find that we have passed directly upon the question of the duty of the insurer to return or offer to return unearned premium upon a fire policy upon cancellation thereof by the insurer, where the nonmortgage clause thereof has been breached by the insured, and knowledge of such breach is acquired by the insurer only after a loss. But we find the general rule as to retention of premium to be stated in 26 C. J. 326, as follows:

"In a few jurisdictions the rule is held applicable even where knowledge of the breach is not acquired by the insurer until after a loss has occurred; but the weight of authority is to the effect that no foundation for a waiver or estoppel is furnished by the failure of the insurer to return the unearned portion of the premium, where it did not acquire knowledge of the breach of condition until after loss and then denied liability."

We think the general rule above quoted is in principle the holding of the decided cases by this court, with this qualification, that if after acquiring knowledge of a loss under a policy which has been breached by the insured, the company, with knowledge of all of the facts, and with intent to recognize and keep alive its policy of insurance as to that particular property, still retains the unearned premium, then, that such retention of premium is evidence to be considered by the court or jury in determining the ultimate fact whether the company intended thereby to keep said policy in effect. The retention of unearned premium by the insurer is only evidence of an intention upon its part to recognize the policy as being in force and effect. Certainly it cannot be said, even though it be conceded that the insurance company retained some unearned premium upon this policy and failed to tender the amount thereof to the insured prior to the time of the filing of the amended answer, it intended to recognize the policy as being in force and effect, when the plaintiff's own evidence discloses that long prior to that time the insurance company had notified him of the cancellation of the policy because of his breach of the provisions of the policy. These acts are affirmative acts of the insurer, definitely disclosing a denial of liability and definitely disproving an intention to keep the policy alive. Nor, after such date, would it be contended that the plaintiff could not recover such unearned premium from the company in the event there be any such and the company refused to pay the same.

Particularly do we hold this rule to be applicable where the policy of insurance, as here, is divisible, quoting again from 26 C. J., page 327:

"Where the insurance covers two or more items, and the insurer admits its readiness to pay the loss of some of the items, or claims a breach only as to part of the items, its failure to return any portion of the premium is not a waiver of the breach claimed and does not preclude the insurer from asserting it. at least where there is no proof of what portion of the premium was paid for the item as to which a breach is claimed. * * *"

Cited in support of the text is Miller v. Insurance Co. of North America, 106 Mo. App. 205, 80 S. W. 330, where, in the second syllabus, it is held:

"In an action on a policy of fire insurance, in which the insurance was written on three separate items but the premium was a lump sum, a waiver of forfeiture of the policy as to one of the items by reason of its removal without the insurer's consent endorsed cannot be predicated of a failure to return the unearned premium on such item where two of the items of property insured were not affected by the removal, and there was no proof of what portion of premium was paid for the insurance on the property that was removed."

This rule works no hardship upon the insured, and gives no undue advantage to the insurer and cannot be availed of by it except in those cases where the insured by his act breaches the contract.

We have read the entire record in this case, and under the rule announced the plaintiff's evidence is wholly insufficient to establish a waiver of the forefeiture of said policy, and being insufficient to establish a waiver and there being no further evidence of an estoppel, is likewise insufficient to effect an estoppel upon the part of the insurance company to plead and prove a forfeiture of the policy sued upon.

Several propositions are argued in the briefs of both plaintiff and defendant, which we deem unnecessary to consider in view of the conclusion here announced.

For the reasons given, the cause is reversed and remanded, with directions to render judgment for the defendant.

The Supreme Court acknowledges the aid of Attorneys T. A. Higgins, John F. Vaughn, and J. W. Reece in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Higgins and approved by Mr. Vaughn and Mr. Reece, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY and DAVISON, JJ., absent.