The **BUEHLER CORPORATION,**
Plaintiff-Appellant,

v.

The **HOME INSURANCE COMPANY**
et al., Defendants-Appellees.

No. 73-1556.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 26, 1974.

Decided April 30, 1974.

Richard D. Wagner, Indianapolis, Ind., for plaintiff-appellant.

Mark W. Gray, John T. Lorenz, Indianapolis, Ind., for defendants-appellees.

Before FAIRCHILD and CUMMINGS, Circuit Judges, and JAMESON, Senior District Judge.*

JAMESON, Senior District Judge.

Appellant, The Buehler Corporation, brought this action to recover for the loss by fire of a building owned by it and covered by three insurance policies issued by appellees, The Home Insurance Company, Glens Falls Insurance Company, and Great American Insurance Company. Most of the facts were stipulated. Following a non-jury trial the court entered judgment for the appellee insurers.

Each policy, issued May 31, 1968 for a three-year term, insured appellant's "Building No. 2", "Building No. 3", and machinery and equipment stored in Building No. 3 for fire, extended coverage, vandalism and malicious mischief. The machinery and equipment stored in Building No. 3 were also insured against loss from sprinkler leakage. Premiums were paid annually in a lump sum in advance of each year's coverage.

Building No. 3, insured for a total of $150,000,[1] was destroyed by fire on Oc-

---

* Senior District Judge William J. Jameson of the District of Montana is sitting by designation.

1. The insurance on this building was divided among appellees as follows: The Home Insurance Company, $37,500; Glens Falls Insurance Company, $37,500; and Great American Insurance Company, $75,000.

tober 5, 1970. Each policy provided that its "Automatic Sprinkler Clause * * * applies to Building No. 3 from May 1 to October 31 each year". This clause reads:

"This policy being written at a rate based on the protection of the premises by the sprinkler system, it is a condition of this policy that, insofar as the sprinkler system and water supply therefor are under the control of the Insured, due diligence shall be used by the Insured to maintain them in complete working order, and that no change shall be made in the said system or in the water supply therefor unless immediate notification is given to the Rating Bureau. Permission, however, is hereby given in case of break, leakage, or the opening of sprinkler heads, to shut off the water from so much of the sprinkler system as may be imperatively necessary, it being a condition of this policy that the Rating Bureau will be immediately notified and the protection restored as promptly as possible."

The district court found that it was "clear that plaintiff violated this condition of the policies. Because of a broken valve which was not promptly repaired, the sprinkler system in Building No. 3 was completely inoperative at the time of the fire on October 5, 1970"; and "had been inoperative since approximately the middle of June 1970.[2] Plaintiff never advised the Rating Bureau that the sprinkler system in Building

No. 3 was not in working order, as required by the policies."

During the course of their investigation of the fire loss appellees, on November 9, 1970, discovered that the sprinkler system was inoperative at the time of the fire. By letter dated January 28, 1971 appellees denied liability on the ground that appellant had violated "the condition of the policy, requiring that the automatic sprinkler system be maintained in working order by due diligence on your part".[3] Appellees did not tender or return to appellant any of the premium paid for the policies; nor did appellant at any time seek return of any portion of the premium.

Appellant does not challenge the district court's finding that it violated a condition of the policy. Rather it contends, as it did in the district court, that under Indiana law appellees "are precluded from avoiding liability because they retained all paid premium after they acquired knowledge of [appellant's] violation of the policy condition".

Appellant relies heavily on *Farmers Conservative Mut. Ins. Co. v. Neddo*, 111 Ind.App. 1, 40 N.E.2d 401, 405 (1942), where the court held that "The rule is firmly established that an insurer is precluded from asserting a forfeiture, where, after acquiring knowledge of the facts constituting a breach of a condition, it has retained the unearned portion of the premium or has failed to return or tender it back with reasonable promptness."[4] *Neddo* recog-

---

2. The stipulated facts recite that the inoperative condition was due to appellant's removal from the sprinkler system of a defective main riser valve. The valve was "repaired and brazed" within a few days and "conveyed to an area of Buehler's main plant where it could be machined. * * * For reasons unknown, the machining operation was never effected." The "valve normally could have been repaired within approximately one week."

3. The letter continued:
"The investigation indicates that this system had been out of order and inoperative for more than five months prior to the

fire, and that it was not promptly restored at the time its damaged condition was discovered, and likewise, no notification was given as required by the policy."

4. See also *Lititz Mutual Insurance Co. v. Lengacher*, 248 F.2d 850, 854 (7 Cir. 1957) where this court recognized that: "It is also the rule in Indiana that where an insurance company denies liability on the ground that provisions of its policy have been violated by the assured, it must within a reasonable time after the discovery of such policy violations, return or offer to return the premium."

nizes that "there may be some confusion" in prior decisions; but it is clear from *Neddo* and cases there cited [5] that under Indiana law a retention of premiums, following violation by the insured of a condition which renders the entire policy voidable, constitutes waiver by the insurer of his right to avoid liability, even though knowledge of the violation is first obtained after the loss.[6]

The district court did "not question the validity of *Neddo*", but distinguished it on the ground that the condition subsequent violated in that case rendered the entire policy voidable,[7]

whereas here the policy is divisible and the breach of the sprinkler condition affected only the insurance coverage with respect to Building No. 3.[8] Moreover, even this coverage was not entirely voidable, since each policy provided that the sprinkler condition was applicable to Building No. 3 only during the period "from May 1 to October 31 each year".[9]

We agree with appellant that "No Indiana precedent specifically discusses the effect of the divisibility of an insurance policy upon the application of the doctrine of waiver to the facts of this case." [10] In fact, the parties have

---

5. See *e. g.*, Insurance Co. of Pennsylvania v. Indiana Reduction Co., 65 Ind.App. 330, 117 N.E. 273 (1917); Brashears v. Perry County Farmers' Protective Ins. Co., 51 Ind.App. 8, 98 N.E. 889 (1912); Aetna Ins. Co. of Hartford, Conn. v. Robinson, 213 Ind. 44, 10 N.E.2d 601 (1937).

6. The Indiana rule is contrary to the weight of authority. See 43 Am.Jur.2d Insurance § 1127, which states that "The general rule is that a return of the premium is not essential to the avoidance of a policy, nor is its retention a waiver, especially * * * where knowledge of the ground of avoidance is first obtained after a loss", and cases cited at n. 11, and Peterson v. Universal Automobile Ins. Co., 53 Idaho 11, 20 P.2d 1016, 1020–1021 (1933) and cases there cited. The early Indiana case of Ohio Farmers' Ins. Co. v. Williams, 63 Ind.App. 435, 112 N.E. 556 (1916) appears to follow the general rule. While not expressly overruled in subsequent cases, the rule followed in *Neddo* and other cases is clearly contrary to the holding in *Williams*.

7. In *Neddo* the insurance policy provided that:
"This entire policy, unless otherwise provided by agreement endorsed thereon or added hereto shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." 40 N.E.2d at 405. After the fire the insurance company learned that the property had been vacant or unoccupied for more than ten days when it was destroyed by fire. The company refused to pay the loss and did not return or offer to return the unearned portion of the premium. The insurer was held liable.

8. Appellant correctly points out that the "Divisible Contract Clause" quoted by the

district court as evidencing the policies' divisibility is applicable only to the "Sprinkler Leakage Endorsement" included in the policies. However, the policies' "Building and Contents Form" contains a substantially similar clause of general application, which provides:
"*Breach of Warranty Clause:* If this policy covers two or more buildings or the contents of two or more buildings, the breach of any condition or warranty of the policy in any one or more of the buildings insured or containing the property insured shall not prejudice the right to recover for loss occurring in any building insured or containing the property insured, where at the time of loss a breach of condition or warranty does not exist."
Appellant concedes that under this clause "the insurance policies * * * are divisible to the extent that they were not entirely voidable and that coverage continued as to property other than Building No. 3 after the violation of the sprinkler system condition."

9. As noted *supra*, the fire which destroyed Building No. 3 occurred on October 5, 1970. As appellees pointed out during oral argument, if the fire had occurred 27 days later, on November 1, appellant's breach of the sprinkler condition would not have been a ground upon which appellees could have asserted non-liability for the fire loss.

10. Most of the Indiana decisions relied upon by appellees simply restate the holding in *Williams, supra.* Aetna Life Ins. Co. v. Doerr, 74 Ind.App. 35, 115 N.E. 700 (1917) and Red Men's Fraternal Accident Ass'n of America v. Rippey, 181 Ind. 454, 103 N.E. 345 (1913) deal with attempts to recover for losses expressly not covered under life insurance policies (death by suicide and tuberculosis within one year of issuance of policies).

not cited, nor have we found, any case which expressly considers the effect of the divisibility of an insurance policy on an asserted waiver of a breach of a condition subsequent by failure of the insurer to tender or return premiums. Where no controlling state precedent can be found appellate courts give great weight to the view of the state law taken by a district judge experienced in the law of that state, although the parties are entitled to a review of the trial court's determination of state law just as they are of any other legal question in a case.[11] We conclude that the district court has drawn a valid distinction between *Neddo* and the facts in this case.

The insurance company in *Neddo* argued that "it should not be required to return or tender the return of unearned premium" since "it did not forfeit the entire policy because of breach of conditions, but * * * forfeited the policy only insofar as it covered the property that was destroyed, and * * * maintained the policy in force upon all other property described therein". 40 N.E.2d at 406. In considering this contention the court did not hold that divisible policies are also subject to the requirement that premiums be returned, but found rather that under the facts in that case the policy was not divisible, and concluded that "the insurer could not properly set up the divisibility thereof as a reason for not returning, or offering to return, the unearned premiums upon destroyed property." *Id.* at 407.[12]

In both *Neddo* and *Robinson, supra* n. 5, the policies provided that they "shall be void" if the insured buildings were vacant for ten days.[13] In construing this provision the Supreme Court of Indiana in *Robinson* said in part:

"It is settled that a provision in an insurance policy that it shall subsequently become void upon the happening of a certain event, such as the premises becoming vacant, is to be construed as making the policy voidable only upon the happening of the event, at the option of the insurer, and if the insurer desires to exercise the option and rescind the contract, it is required to act promptly, inform the insured of its election, and return, or offer to return, all unearned premiums; and a failure in this respect will be deemed a waiver, and the insurer will be deemed to have elected to waive the right to cancel. An insurer may not retain unearned premiums and at the same time disclaim liability during the period covered by the premiums." 10 N.E.2d at 605.

None of the policies in this case contain a provision that the policy "shall be void" upon a violation of a policy condition or the happening of a certain event. Other risks remained insured after the fire loss in Building No. 3. The defendants did not declare the policies void or exercise any option to rescind the contract. They simply exercised their right to deny liability by reason of a breach of a policy condition requiring appellant to keep the sprinkler system in working order during a specified period—May 1 to October 31.

The holdings in *Robinson* and *Neddo* are consistent with the district

---

11. See *e. g.*, C. H. Leavell & Co. v. Board of Com'rs of Port of New Orleans, 424 F.2d 764, 766 (5 Cir. 1970); Bernhardt v. Polygraphic Co., 350 U.S. 198, 204, 76 S.Ct. 273, 100 L.Ed. 199 (1956); and Wright, Federal Courts § 58 (2d Ed. 1970).

12. Appellant relies on the Missouri case of Miller v. Insurance Co. of North America, 106 Mo.App. 205, 80 S.W. 330 (1904), an action on a policy covering a dwelling, stable and furniture, with a lump sum premium. In reversing a judgment for the insured, the court held that the doctrine of waiver for failure to return the unearned premium was

inapplicable for two reasons. One reason was the fact that "There was no forfeiture of the insurance on the dwelling and stable, and it is nowhere shown what portion of premium paid was for the insurance on the furniture." *Id.* at 332.

13. In *Brashears, supra* n. 4, violation of an identical provision "suspend[ed] the action of the policy". In Insurance Company of Pennsylvania v. Indiana Reduction Co., *supra* n. 4, there was a provision that "This entire policy * * * shall be void" if gasoline "be kept, used, or allowed" on the insured premises. 117 N.E. at 274.

court's conclusion that the appellee insurers were not precluded from avoiding liability because they did not return any of the premium, and that the rule that a failure to return unearned premiums constitutes a "waiver of the right to cancel" the policy is not applicable where, as here, there is no provision making the policy void "upon the happening of a certain event", there is an express provision making the insurance coverage divisible, and a breach of a condition subsequent does not affect the validity of the insurance on other items of property and risks covered under the same policy.[14]

Affirmed.

---

14. Nor was there any demand for a return of any portion of the premium paid.